Parker, C. J.
After tracing the pleadings in this case down to the surrejoinder, upon which an issue in law is formed by demurrer and joinder, it will be seen that the question presented is a general one, viz., whether an action can be maintained upon a probate bond given by an administrator, for the use of one who is not a creditor having his debt ascertained by judgment or decree of distribution, or an heir claiming his distributive share, the quantum having been ascertained by a decree of the judge, without an assignment of the bond by the judge of probate, or, what is equivalent, a permission or license from the judge, to institute process upon the bond.
The objection, in the present case, is taken in the first stage of the proceedings, by a plea in abatement, and is therefore not impaired by a supposed waiver, or by a presumption of such license, which, in an ulterior stage of the process, would be likely to be favored.
The question is, rather, whether any one who is, in any way, in lerested in the estate of the deceased may, of his own pleasure, put the bond in suit, and compel the judge of probate to deliver it to him, in order that he may obtain a judgment. And we find no difficulty in negativing this proposition ; it being clear, from the reason of the thing, as well as from such authorities as have been supposed to bear upon the case, that no such right exists.
At common law, no man can maintain an action, upon a bond *433 given to another, in the name of the obligee, without showing that he is the assignee, in fact, or in equity, of the bond. If he should attempt it, the obligee may, at any * time, dis- [ * 527 ] continue the suit, and may have his action for any damages he may have sustained by such unauthorized act. By analogy to this principle it is that, in England, an actual assignment of the administration bond is made by the officer who has the custody of it, to the person claiming an interest in it (1).
By our statute of 1786, c. 55, special provision is made for creditors and heirs, whose demands are ascertained in the manner therein specified; and the practical construction of this provision has been, to give a right to such creditors and heirs, to maintain an action on the bond, without their first applying to the judge of probate for authority. They are, in fact, made plaintiffs in the action; and the name of the obligee is used, only to avoid the technical objection to the assignability in law of a chose in action. But legatees are not thus provided for, nor are creditors or heirs, whose demands have not been ascertained: and therefore this provision of the statute does not enlarge their rights.
For any breach of the condition of the bond, other than those specified in the statute, the judge of probate can alone sue; and the judgment for the penalty, or, in chancery, for damages, as the case may require, will be in his name ; and the money received by him as trustee of those who may establish their right, in the Probate’ Court, to any portion of it.
It follows, necessarily, that the judge of probate has a right to consider whether it is proper that the bond should be sued; for, in these cases, there being no endorsement necessary, by those who instigate the suit, the judge of probate is answerable for costs, in case the suit shall fail. He must, therefore, have an opportunity to require indemnity, and also to judge whether there is reasonable cause for commencing a suit.
We have been referred to some cases of suits upon probate bonds, not within the statute provision before cited, in which it does not appear that the license or permission * of the [ * 528 ] judge of probate was previously obtained (2). But it is enough to say, that the contrary does not appear; and his permission would probably be presumed, unless the defendant should object, as in the present case, at the "commencement of the suit. In the several cases of Dawes, J., vs. Boylston (3), and The Selectmen of *434 Boston vs. Boylston (4), it may be considered as the opinion of the Court, that something equivalent to an assignment of the bond is necessary.
It has been urged upon us, that the judge of probate may possibly refuse permission, when the rights of. a party may require a suit. But if an application be made to him in writing, and he refuse, an appeal will lie to the Supreme Court of Probate, where the reasons for the refusal will be considered. It is, however, probable that, in all cases of application for leave to sue the probate bond, the judge will first cite the obligor ; and if there is probable cause for the suit, he will not impede the course of justice.
In the case before us, the administrator has settled several accounts in the probate office; and he has not refused further to account, for he has not been cited for that purpose. He is entitled'to have his account first settled in the probate office. If a balance appear against him, and he do not pay over according to the decree of the judge, his bond will be put in suit. The judge, in such circumstances, cannot lawfully refuse to authorize a suit.
In the case of The Commonwealth vs. Hatch (5), a party, who was entitled to a remedy against the obligor, obtained a copy of the bond, and put it in suit; and it was decided that an action upon a bond to the treasurer could not be sustained without authority from the legislature, or unless the suit were brought by some public officer. The principle is the same as in the present case.
The fourth section of the statute before cited, provides that bonds given to the commonwealth, in the Supreme Court of Probate, shall not be put in suit, until permission is had of the [ * 529 ] Court therefor. This provision furnishes * strong evidence, that such permission was thought to be required, in relation to bonds given to the judge of probate. Respecting the bonds to the commonwealth, it was necessary to declare on whose authority they might be sued; in th'e other case it was supposed 'hey were already under the control of the judge of probate, who was the obligee.

Surrejoinder adjudged lad.

 2 Atk. 67. -3 Atk. 245. —1 Salk. 315.

 8 Mass. Rep. 488 —13 Mass. Rep. 365.

 9 Mass. Rep. 337

 4 Mass. Rep. 318.

 5 Mass. Rep 131.