# SUPREME JUDICIAL COURT

FOR THE

COUNTIES OF HAMPSHIRE, FRANKLIN AND
HAMPDEN, SEPTEMBER TERM 1825,
AT NORTHAMPTON.

---

PRESENT:

Hon. ISAAC PARKER, Chief Justice,
Hon. SAMUEL PUTNAM, ⎱
Hon. SAMUEL S. WILDE, ⎰ Justices.
Hon. MARCUS MORTON, ⎱

---

RICHARD E. NEWCOMB, Judge &c., *versus* ISAIAH
WING *et al.*

In stating as a breach of an administration bond, that the administrator did not inventory land which the intestate, in his lifetime, to defraud his creditors, conveyed to the administrator, *it seems* it should be averred that the administrator was a party to the fraud or had knowledge of it.

A suit in the name of the judge of probate upon the bond of an administrator of an insolvent estate, for not inventorying real estate fraudulently conveyed by the intestate, cannot be sustained for the benefit of an individual creditor; but if the administrator, upon notice, does not get license to sell such estate, or otherwise account for it, the judge may sue the bond for the benefit of all the creditors.

THIS was an action of debt upon an administration bond, brought in the name of the judge of probate for the county of Franklin for the benefit of Epaphroditus Champion.

The defendants pleaded a general performance of the condition. The plaintiff replied, that B. Leonard the intestate, on the 27th of October, 1820, was seised in fee simple of

178

certain parcels of land in Conway ; that on the 28th he fraud-   Newcomb
ulently conveyed them to Wing (the administrator) with in-   *v.*
tent to defraud and deceive his creditors of their just debts ;   Wing.
that this real estate was at the time of Leonard's death liable
for the payment of his debts, and when administration was
granted to Wing, on the 15th of July, 1823, the same real
estate came to the knowledge and into the hands and posses-
sion of Wing as the estate of Leonard, and was liable by law
to be inventoried as Leonard's estate, and in case the personal
estate were insufficient for the payment of his debts, to be
administered by Wing for the payment of such debts ; that the
personal estate was insufficient ; that Wing represented Leon-
ard's estate to be insolvent ; that commissioners were ap-
pointed ; that Champion's debt was due on the 1st of October,
1820, and was proved under the commission and allowed ;
that the doings of the commissioners were returned into the
probate court, ratified and approved ; that the estate of Leon-
ard, exclusive of the real estate mentioned, was in fact insol-
vent ; yet that Wing, well knowing the premises, did not
inventory the same real estate.    To this the defendant de-
murred, and assigned causes of demurrer.

*E. H. Mills* and *Wells*, in support of the demurrer, cited   *Sept. 27th*
*St.* 1786, *c.* 55, § 1 ; *Wildridge* v. *Patterson*, 15 Mass. R.
148 ; *Johnson* v. *Libby*, ibid. 140 ; *Freeman* v. *Anderson*,
11 Mass. R. 190.

*Billings*, for the plaintiff, cited *St.* 1805, *c.* 90, § 5 ;
*Drinkwater* v. *Drinkwater*, 4 Mass. R. 357 ; *Mansfield* v.
*Patterson*, 15 Mass. R. 491.

PARKER C. J. delivered the opinion of the Court.    It is   *Sept. 28th*
made a question, whether upon the facts set forth in the rep-
lication, admitting them to be rightly pleaded, the plaintiff is
entitled to his action.    The substance of the replication is,
that certain real estate of the intestate had been fraudulently
conveyed by him in his lifetime, and that being liable by law
to his debts, it ought to have been inventoried ; and the breach
of the bond alleged in the replication, is the not inventorying
this real estate.    It is doubtful, at least, whether the replica-
tion is sufficiently particular.    It does not directly charge the
defendant with being a party to the fraud, nor with knowledge

in any other way, though it is strongly implied in the replica-
tion.[1]

We do not however determine upon the sufficiency of the
replication in this point of view ; but upon other and more
general grounds, we think no right to this action is shown.
To maintain a suit on a probate bond, in order to obtain exe-
cution by any particular person interested in the estate, he
must be a creditor with his debt ascertained, or an heir with
his decree of distribution, and in either of these cases there
must be a demand on the administrator before the suit is com-
menced.[2]  It is not shown in the replication what sum is due
to the person for whose use the suit is brought, nor that he
made any demand.  It appears by the indorsement on the writ,
that the suit is brought under the special provisions of the
statute, so as to enable the real plaintiff to have execution for
the amount recovered, and if this suit should prevail, he might
take the whole of the property for his debt, although there are
many other creditors equally interested in the fund with him-
self.   There is no case in which this will be allowed, ex-
cept when a creditor, who has neglected to file his claim, has
*discovered* estate which has not been inventoried, and then the
action cannot be upon the bond, but it is against the adminis-
trator for the debt, and the property discovered may be seized
on execution.

In the case supposed by this replication, if the adminis-
trator, upon notice, does not obtain license to sell the estate,
or otherwise account for it, the judge of probate, at the in-
stance of the creditors, will sue the bond, not for any partic-
ular creditor, but for the whole, and the proceeds of the suit
will be distributed among all.   Or perhaps any creditor, who

---

[1] See *The People* v. *M'Donald*, 1 Cowen, 189.  The administrator is bound
to inventory land which to his knowledge has been fraudulently conveyed
by the intestate.  *Minor* v. *Mead*, 3 Connect. R. 289.

But if the administrator has no knowledge that the conveyance was fraud-
ulent, he cannot be made liable for not inventorying the property.  *Booth* v.
*Patrick*, 8 Connect. R. 106.  See *Potter* v. *Titcomb*, 1 Fairfield, 53; *Cringan*
v. *Nicholson*, 1 Hen & Munf. 428.

[2] See *Paine* v. *Moffit*, 11 Pick. 500; *Coffin* v. *Jones*, 5 Pick. 61; *Dawes* v.
*Head, ante*, 128; *Dawes* v. *Swett*, 14 Mass. R. 105; *Paine* v. *Gill*, 13 Mass.
R. 365; *Prescott* v. *Parker*, 14 Mass. R. 429; *Judge of Probate* v. *Briggs*,
5 N. Hamp R. 66

nas not filed his claim, may sue the administrator and levy upon
the land ; in which case he may be answerable on his bond
for waste or unfaithful administration ; and thus all the credi-
tors will obtain their portion of the funds.   No creditor can
sue the bond, except according to the provisions of the statute,
without license or permission of the judge of probate.   *Rob-
bins, Judge &c.,* v. *Hayward,* 16 Mass. R. 524.

*Replication adjudged bad.*