Parker C. J.
It is very clear that this action cannot be maintained for the purposes for which it purports to be instituted ; for by the indorsement its character and object are ascertained; it is for the use and benefit of the heirs of the intestate ; but by the express provision of the statute, they can have no such action without producing a decree of distribution, and proving a demand upon the administrator before the action is brought.[2]
This seems to be admitted, but it is contended that the action may be pursued by the judge of probate to recover the amount of personal estate which came to the hands of the administrator, and that then the heirs may have scire facias *62 to get execution for such distributive shares as may hereafter be made. But this cannot be done while the indorsement remains, for though in form it is an action for the judge of probate, it is in substance the action of the heirs, and no execution can be issued, except for the heirs, and their right to recover must exist at the time when the action is commenced. No doubt, when a breach of the condition of the probate vond has taken place, the judge of probate may maintain an "ion without interference of the heirs, but such action ought to be brought on his own mere motion as trustee of the heirs or creditors ; or if at the promotion of the heirs, legatees or creditors, it should be by the permission of the judge of probate, the heirs having no right to the bond for the purpose of putting it in suit, unless in the cases specified in the statute, without first applying to him and showing the necessity therefor ; as was decided in the case of Robbins, Judge &c. v. Hayward, 16 Mass. R. 524.
It is true in that case it is said, that when a suit is pending in the name of the judge of probate, his consent to the suit will be presumed until the contrary is shown by pleading,[1] but that cannot be presumed in the present case, for the indorsement by the heirs raises the presumption that the suit is brought for the heirs according to the statute ; and that is a case in which execution cannot issue for the use of the judge of probate as trustee, nor in favor of the heirs, for they do not show themselves entitled.
The plaintiff therefore cannot have judgment as he has prayed.

 See Paine v. Moffit, 11 Pick. 500.

 Where a suit is brought upon a probate bond, for the benefit of a legatee, without authority from the judge of probate, his subsequent approval of the suit will be sufficient to sustain it. White v. Stanwood, 4 Pick. 380.