## NATHANIEL PAINE, Judge, &c. *versus* BEULAH STONE *et al.*

The question whether an account settled in the probate court by an administrator was fraudulent, cannot be tried in an action on the administration bond for not settling a true account.

Where an action on an administration bond is stated in the indorsement on the writ, to be brought for the benefit of a creditor, if the action cannot be sustained for his individual benefit, judgment cannot be rendered in favor of the judge of probate in his own right for the benefit of all parties interested in the estate.

DEBT on an administration bond given by Beulah Stone as principal and the other defendants as sureties. Writ indorsed as brought for the benefit of certain creditors of the intestate. Plea, general performance. Replication, setting forth an inventory, commission of insolvency and report, and that the administratrix did not settle an account within six months, but afterwards presented a false and fraudulent account, and by false representations induced the judge to pass a decree allowing the account, by means of which the creditors have lost the benefit of their claims. Rejoinder, that the administratrix has not neglected or refused to account, nor been cited for that purpose. General demurrer and joinder.

*Newton* and *Weed*, in support of the demurrer. Making a      *Oct. 7th.* fraudulent settlement in the probate court is tantamount to making no settlement. *Paine* v. *Fox*, 16 Mass. R. 129 ; *Saxton* v. *Chamberlain*, 6 Pick. 422.

An administrator is bound by law, without any citation, to settle an account within six months (or such further time as the judge of probate may allow) after commissioners of insolvency have made their report ; and if he neglects to do so, the judge of probate may bring a suit on the administration bond, for the use of all persons interested therein, or of any one who may be named in the indorsement of the writ. *St.* 1794, *c.* 5 ; *Cony* v. *Williams*, 9 Mass. R. 114 ; *Foster* v. *Abbott*, 1 Mass. R. 234.

*Bigelow* and *Brooks*, *contrà*. The replication is defective ; it does not sufficiently set forth a breach of the bond. It admits that an account was settled, but alleges that the settlement was fraudulent. The question of fraud cannot be tried in this      **76**

Paine
v.
Stone.

action, and the settlement is binding until it is annulled by further proceedings in the probate court. *Jennison* v. *Hapgood*, 7 Pick. 1 ; *Saxton* v. *Chamberlain*, 6 Pick. 422.

The replication is bad, also, because it appears by the indorsement on the writ, that the suit is brought for the benefit of particular creditors, and the replication does not allege a demand on the administratrix to pay the dividends due to such creditors. *Dawes* v. *Swett*, 14 Mass. R. 105 ; *Newcomb* v. *Wing*, 3 Pick. 168 ; *Coffin* v. *Jones*, 5 Pick. 61.

*Newton*, in reply, said that no demand was necessary. The action may be considered as being brought for the benefit of the creditors generally, and if a separate judgment cannot be rendered in favor of each of them, a general judgment may be rendered in favor of the judge of probate.

*Oct. 8th.*    *Per Curiam.* The defendant objects, first, that the replication is insufficient, because a question of fraud in the settlement of the administration account cannot be tried collaterally in this action. We think this a sufficient ground of defence. The probate court is the proper forum for settling the account. If the party aggrieved by the fraud is aware of it at the time when the account is allowed, he may appeal ; and if he is not, he may cite the administrator to resettle his account, and allege the fraud. This was fully considered in the case of *Jennison* v. *Hapgood*, 7 Pick. 1, where it was held, that a suit in equity was a collateral proceeding, and that application should be made to the court of probate to resettle an account alleged to be fraudulent.

Another objection is, that the indorsement on the writ states the action to be brought for the benefit of individual creditors, and no demand of payment of their debts has been made on the administratrix. This likewise is a good defence. If the case of *Glover* v. *Heath*, 3 Mass. R. 252, stood alone, it would countenance the plaintiff's position, that notwithstanding the indorsement the writ may be sustained, and judgment be rendered for the judge of probate for the benefit of all the creditors. But the point has been recently before the Court in *Coffin* v. *Jones*, 5 Pick. 61, and determined otherwise. There are two cases in which a creditor may sue on the bond as a matter of right, in the name of the judge of probate ;

one, where the debt is ascertained by a judgment ; the other, where the estate is insolvent and he produces a decree of distribution, in which his claim is specified ; and in both cases it must appear that a demand has been made on the administrator, and the indorsement of the writ must state that the action is brought for the benefit of the creditor. Practically the indorsement is a part of the writ, and the creditor a party to .the action.    Where the debt is not so ascertained, the creditor must obtain permission from the judge of probate to institute a suit in his name on the bond.    *Robbins* v. *Hayward*, 16 Mass. R. 524.    The writ, therefore, cannot have the double aspect, for which the plaintiff's counsel contend.

The replication, assigning no sufficient breach of the bond, must be adjudged bad.