The opinion of the Court was afterwards drawn up by
8haw C. J.
It is difficult to perceive any ground upon which this action can be maintained, for several reasons.
1. No substantial breach of the condition is assigned, if indeed any breach is assigned. Perhaps the not rendering ail account within one year, was a formal breach, if not excused or waived by some proceeding in the probate court ; but an account having been afterwards presented, received and acted upon, such breach would be merely nominal, and is not specially assigned as a breach in the replication.
If the failure to file a second account is relied on, it is answered by the fact agreed, that the administrators were never cited.[1]
If the order of the probate court directing them to account for the balance of $ 242-50 according to law, be regarded as *508 a decree of distribution, with which the administrators failed to comply, the answer is, there was no demand by the heir for his distributive share, and the non-payment of a distributive share is no breach of the bond, till after demand and refusal.
2. But if there was any breach, it happened many years ago ; the cause of action accrued before the close of the settlement of the estate of Elihu Moffit, the defendant’s father. The statute giving an action against an heir or devisee having assets by descent (St. 1788, c. 66, § 5,) expressly provides that no such action shall be sustained, except upon demands which could not be claimed before the expiration of the1 four years, during which the estate remains under administration, nor unless such action is brought within one year from the time the cause of action accrues. The only fact mentioned in the statement, as having happened within one year next before the commencement of this suit, is the entry of the assignees under Sigourney’s mortgage. But it does not appear that Rufus Hayward had any interest in the mortgaged premises, or if otherwise, how such entry would be a breach of the con- . dition. No cause of action appearing to have accrued on this bond, by any breach of the condition happening within one year next before the commencement of the suit, the limitation above stated appears to be a plain bar to the action.[1]
3. But there is another objection which is decisive. It appears by the indorsement, that this action is brought in the name of the judge of probate, for the use and benefit of Rufus Hayward as an heir. It is therefore commenced in virtue of St. 1786, c. 55, § 2, on his own responsibility, in his own right, and without any authority or direction of the judge of probate.
In such case it is clear by the statute, and has frequently been so decided, that an action cannot be maintained, unless upon a demand settled and liquidated in the manner prescribed by the statute. ■ If a creditor, the party must first have his demand ascertained by a judgment, or in case of an insolvent estate, by the order of distribution ; if an heir, he must exhibit *509 a copy of the decree of the probate court ascertaining the quantum, of his distributive, share, and show that he has made a demand thereof upon the administrator.[2] St. 1786, c. 55, § 2 ; Robbins v. Hayward, 16 Mass. R. 524; Coffin v. Jones, 5 Pick. 61.
No such proceedings having taken place, no decree of distribution having been made, the heir, the indorser of this writ, has no right to come into this Court per sallum, and bring suit upon the • bond, without first taking the regular steps to have the estate settled in the probate court, obtaining a decree of distribution, and making a regular demand upon the administrator.

Plaintiff nonsuit.

 See Fan v. Haven, 3 Metc 109.

 See Rev. Stat. c. 70, § 3, et seq.

 See Rev. Stat. c. 70, § 13, et seq.; Hall v. Bumstead, 20 Pick. 2.