## Jacob Conant, Administrator, &c. *versus* George Kendall *et al.*

If the guardian of a spendthrift, having assets, refuse to pay a debt due from his ward, the creditor has a plain and adequate remedy at law, by an action on the guardianship bond ; a bill in equity, therefore, for the recovery of the debt, cannot be sustained.

Whether the debt must be ascertained by a judgment before the creditor can resort to his remedy on the guardianship bond, *quære.*

This was a bill in equity, setting forth, that Wyman Kendall, one of the defendants, was indebted to Ethan Kendall, the plaintiff's intestate, in a large sum of money ; that on March 3, 1835, after the decease of the intestate, the other defendant, George Kendall, was duly appointed by the judge of probate guardian over Wyman Kendall, who was a spendthrift ; that there came into the hands of such guardian, in trust for the benefit of the ward and his creditors, property sufficient to pay the debt due from the ward to the estate of the intestate ; that the guardian having refused to pay such debt, the plaintiff, as administrator, commenced an action at law against the ward for the recovery thereof, in which action the guardian appeared ; that judgment was rendered in such action in favor of the plaintiff for the sum of $1644·84 damages, and for the costs of suit ; that execution was duly issued on the judgment and placed in the hands of an officer for collection ; and that the execution was returned in no part satisfied, the officer setting forth in his return, that he had made search, but could find no property belonging to the ward, and that the guardian had, upon demand made, refused to pay the execution or any part of it.

The bill further set forth, that during all the time since the recovery of the judgment, and especially at the time of the demand of payment made by the officer, on the guardian, the guardian, as such, had in his hands sufficient personal property of his ward to satisfy the execution.

Wherefore, and because the plaintiff had no complete and adequate remedy at the common law, and for the purpose of enforcing and regulating the execution of the trust, and because this was a case where there were more than two parties having

distinct rights and interests, which could not be justly and definitively decided and adjusted in one action at the common law, the plaintiff prayed that the defendants might be held to answer to the matter of the bill.

To this bill there was a general demurer, and a joinder.

*C. Allen*, for the defendants, cited Revised Stat. *c.* 81, § 8 ; Revised Stat. *c.* 79, § 5, 25.

*Newton* and *Conant*, for the plaintiff. The plaintiff has not a complete and adequate remedy at common law. The property of the ward is in the hands of the guardian, and an execution issued against the ward cannot be satisfied, unless the guardian is willing to satisfy it. There would have been no certainty of remedy, even if, upon the refusal of the guardian to pay such execution, he had been removed and a new guardian appointed ; for the new guardian might also have refused to pay the execution. The plaintiff has no remedy on the bond of the guardian ; for that appears to be intended for the security of the ward, and not for the benefit of his creditors. Revised Stat. *c.* 79, § 16, 25.

This case is within the provision of the Revised Statutes giving this Court equity jurisdiction over suits and proceedings for enforcing and regulating the execution of trusts. The whole duty of a guardian seems to be the performance of a trust ; and under our statutes he is a trustee, not only for the ward, but for all persons interested in the estate of the ward. The same principles of law which are applicable to executors and administrators apply to guardians. Revised Stat. *c.* 79, § 5, 22, 32 ; *St.* 1783, *c.* 38, § 1, 5 ; *Hayward* v. *Ellis,* 13 Pick. 272 ; *Barrell* v. *Joy,* 16 Mass. R. 226 ; Reeve's Dom. Rel. 322 ; *Hart* v. *Ten Eyck,* 2 Johns. Ch. R. 75 ; *Davoue* v. *Fanning,* 2 Johns. Ch. R. 252 ; *Thompson* v. *Brown,* 4 Johns. Ch. R. 619 ; *Adair* v. *Shaw,* 1 Sch. & Lefr. 262, 271, 272 ; *Wind* v. *Jekyl,* 1 P. Wms. 575 ; *Chambers* v. *Minchin,* 7 Ves. 197 ; *Thacher* v. *Dinsmore,* 5 Mass. R. 299 ; *Black* v. *Black,* 4 Pick. 243 ; *Manning* v. *Fifth Parish in Gloucester,* 6 Pick. 6 ; *Pratt* v. *Bacon,* 10 Pick. 123.

This case is also within the equity jurisdiction of this Court, as a case in which there are more than two parties having dis-

Conant
*v.*
Kendall.

*Oct. 4th.*

tinct rights and interests, which cannot be definitively adjusted in one action at the common law.

The plaintiff having recovered judgment at common law against the ward, is entitled to this remedy in equity, even to the exclusion of other creditors. The object of this suit is to compel the guardian to do that which the law imperatively requires of him. Revised Stat. *c.* 79, § 17 ; *St.* 1783, *c.* 38 ; *St.* 1806, *c.* 102.

*Oct. 0th.*   SHAW C. J. delivered the opinion of the Court. There 's considerable difficulty in treating the estate of a ward, in the custody and under the control of a guardian, as an estate held in trust by the guardian. He is appointed to take charge of the property and manage it for the benefit of the ward ; but apparently the property remains vested in the ward, so that upon the death or resignation of the guardian there is no change of property. There is a manifold distinction in this respect, between the case of a guardian and that of an executor or administrator. The original owner being dead, the personal property must vest in some one ; and by operation of law it vests in the executor or administrator, and is deemed so vested by relation, from the decease of the owner. By this principle of law the legal estate is in the executor or administrator ; but he holds it strictly in trust for the various parties beneficially interested.

But we have not thought it necessary to pursue this inquiry to all its results, or to express an opinion, whether, in any case, a guardian can be deemed a trustee, because the Court are of opinion, that the creditor has a plain and adequate remedy at law.

That a party in the situation of the complainant, ought to have some remedy for the recovery of his debt, is very obvious ; and if he has not, it must rather be attributable to the oversight of the law, in not foreseeing such a precise case, than to any deliberate purpose of the legislature. The whole policy of the law is, to subject all the property of an owner, real and personal, to the payment of his debts. The attachment laws, the laws regulating assignments, and commissions of insolvency, those providing for the sale of real estate and of all rights to and interests therein, by executors, administrators and guard

ans, and many others of like kind, are all framed in the spirit of this policy. It would be strange, therefore, that a guardianship, intended to prevent an improvident person from squandering his estate, and to provide for its being appropriated to its proper uses, could be so legally used as to screen the property of its owner from the payment of his just debts. The common remedy against a debtor, who has no visible or tangible property within the reach of the law, but who still has the means of paying, is an arrest, a coercive measure, designed to compel him to apply his means to the payment of his debts. But the arrest of a spendthrift under guardianship, who is by law deprived of all power over his own property, and of the means of applying it to the payment of his debts, would be alike oppressive to the debtor and unavailing to the creditor.

But we think an adequate legal remedy may be found, in the bond of the guardian, and the various provisions of the statutes respecting it.

Guardians of spendthrifts are to give bond to the judge of probate, in like manner and with like condition as the guardian of an insane person. Revised Stat. c. 79, § 16. Guardians of insane persons are to give bond with like condition as the guardian of a minor, except the provision relating to the education of the ward. Revised Stat. c. 79, § 10. The guardian of a minor is to give bond with surety, with condition as follows ; 1. to make and return a true inventory ; 2. to dispose of, and manage, &c. and faithfully discharge his trust in relation thereto, and to the custody, education and maintenance of the ward ; 3. to render an account on oath in one year, and when required ; and 4. at the expiration of his trust, to settle his accounts, and pay over and deliver, &c. Revised Stat. c. 79, § 5.

By § 17, of the same chapter, it is made the duty of every guardian appointed under the provisions of that chapter, whether for a minor or any other person, to pay all just debts due from the ward, out of his personal estate if sufficient, and if not, out of his real estate, upon obtaining a license, &c.

It is thus made the duty of the guardian, by law, to apply the property of the ward to the payment of his debts. One of the conditions of his bond is, to dispose of and manage the

property according to law, and for the best interest of the ward, and faithfully to discharge his trust in relation thereto. This trust consists in part in the power thus confided to the guardian, and the duty of exercising it for the benefit of those interested in it. This duty is, to pay the debts out of the property of the ward, and is of course limited by the amount of assets. But to the extent of those assets, a failure to pay the debts is a violation of his duty, and of course a breach of the condition of the bond. Whether such breach of duty would arise before the debt is ascertained by a judgment, it is not now necessary to determine, because here it has been so ascertained, and the debt demanded on execution. By another provision of the Revised Stat. c. 79, § 17, it is made the duty of the guardian to settle all accounts of the ward ; if on such settlement a balance is found due by the ward to another person, to the satisfaction of the guardian, he would, no doubt, be authorized to pay it ; whether he would be bound to do so, without the sanction of a judgment, is not so clear.

By a further provision in the same chapter of the Revised Statutes, § 25, any bond given by a guardian may be put in suit, by order of the judge of probate, for the use and benefit of the ward, or of any person interested in his estate. This language, we think, is comprehensive enough to include creditors. They have a direct interest in having the estate applied and administered in the manner required by law ; it is *jus ad rem*, if not *jus in re*. It is the same species of interest which a creditor has in the estate of a deceased person, in the hands of the administrator, which is secured and guarantied by the administration bond. And the statute last cited proceeds, " and the proceedings in such suit shall be conducted in like manner as is provided with respect to suits on bonds of executors and administrators." Under this provision any person interested may apply to the judge of probate for an order to put the bond in suit. It has been decided in several cases, that the allowance or refusal of such an order, is a regular judicial proceeding in the Probate Court, a judicial order or decree, from which any party aggrieved thereby may appeal. *Robbins* v. *Hayward*, 16 Mass. R. 524 ; *Coffin* v. *Jones*, 5 Pick. 61. So, if a creditor be refused such an order, he

may have the decision of the Supreme Court of Probate thereon.

The course of proceeding then, we think, is sufficiently indicated by the statutes regulating suits on probate bonds, given by executors and administrators, with this restriction, that *in all cases,* before suit can be brought on a guardian's bond, there must be an order of the Probate Court ; whereas on bonds of executors and administrators, suits may be brought in certain cases, without any order or authority of the Probate Court. Revised Stat. *c.* 70, § 3, 4, 5. Such order of the Probate Court being obtained, as required by Revised Stat. *c.* 79, *c.* 25, the proceedings are to be conducted in like manner as on bonds of executors and administrators. By recurring to Revised Stat. *c.* 70, § 3, it appears, that if the applicant be a creditor, who has had his debt ascertained by a judgment, and payment has been refused on demand made, the bond may be put in suit for the benefit of the creditor. By § 7, the writ in such case shall be indorsed by the person for whose benefit the suit is brought, and if for the benefit of a creditor, there shall be a further indorsement, &c. The 10th section specially provides for the manner in which execution shall be awarded, and if for the use of a creditor it may be levied in his own name and for his own benefit.

Where there has been any other breach of the bond of the guardian, than a failure to pay the debt of a creditor, the suit would be conducted in the same manner as on a like breach of the bond of an executor or administrator.

Believing that the complainant in this suit has a plain and adequate remedy at law, in the case stated in his bill, the Court are of opinion, that it is not a case for the interposition of the equity powers of the Court ; and therefore that there must be, on the demurrer,

*Judgment for the defendant.*