NATHANIEL GROTON, *Judge of Probate, versus* HENRY TALLMAN.

An action upon a probate bond against an administrator, brought by the heirs at law for their own benefit, in the name of the judge of probate, where there is no allegation in the writ that special leave for bringing the suit was given by the judge, cannot be maintained, under Rev. Stat. c. 113, without proof of a decree ascertaining the amount due to such heirs.

But an action on such bond may be maintained in the name of the judge of probate by heirs at law, for the general benefit of the estate, in certain cases, such as where the administrator returns no inventory, or settles no account, or refuses to appear when cited by the probate court to settle an account, if it be alleged in the writ and proved, that it was " commenced by the express authority of the judge of probate."

The judge of probate cannot, however, it would seem, maintain a *suit* upon such bond in his own name alone, and on his own mere motion ; but can only authorize the bringing of a suit, in cases where his consent is necessary.

THIS was an action of debt upon a probate bond, made by

Groton J. *v.* Tallman.

the defendant as administrator of the estate of Horatio Smith, deceased, dated November 1, 1833. The writ is dated May 28, 1846. The defendant is required to answer unto " Nathaniel Groton of, &c. Judge of Probate of Wills, in and for said county of Lincoln, in whose name this suit is brought, for and in behalf of William H. Sturtevant of, &c., and Ellen C. T. Sturtevant, wife of said William, as she is a daughter and heir of Horatio Smith, late of said Richmond, deceased, in her right, and who sues and prosecutes this suit in the name of said judge." Then follow the names of several others, minors, suing by their guardians, alleging themselves to be heirs of Horatio Smith, deceased, and making the same allegations as Sturtevant and wife. Then follows a declaration upon the bond, with this conclusion, " Yet the said Henry Tallman, though requested, has never paid said sum or any part thereof, but neglects and refuses to pay the same. To the damage of the said plaintiff, as he saith, the sum of," &c. On Feb. 19, 1834, the defendant returned an inventory of the estate, but did not file his first account of administration until Feb. 23, 1846, upon which notice was ordered, and the account was settled on May 16, 1846. Sturtevant and the guardian of one of the minor heirs, but not all for whose benefit the suit is brought, presented a petition to the judge of probate for the county, praying that the defendant might be cited to settle an account, " and failing to do so, that license may be granted, to commence and prosecute a suit upon his bond." The judge of probate passed a decree, of which a copy follows : —

" Lincoln, ss. At a Probate Court held at Bath on the 18th day of February, 1846, Henry Tallman, Esq. being duly cited agreeably to the prayer of the within petition, — and being called, does not appear. — Whereupon, on motion of petitioners, ordered, that they have liberty to commence a suit on his administration bond.                Nathaniel Groton, Judge."

The case came before the Court upon a statement of facts, presenting several questions other than that upon which the decision was founded. · It was agreed, that a nonsuit or de-

fault should be entered to carry into effect the decision of the Court.

The counsel for the plaintiffs moved for liberty to amend their declaration.

At the May Term, 1847, it was agreed by the parties that the case should be argued in writing. Written arguments were afterwards furnished to the Court by

*Fessenden, Deblois & Fessenden* — and *W. P. Fessenden,* for the plaintiffs : — and by

*Tallman, pro se.*

For the plaintiffs, on the only point considered by the court, it was contended, that every prerequisite for maintaining the suit appeared in the case. It is brought on the bond by the express permission of the judge of probate. It does not appear, it is true, that the shares of the several parties named as heirs to the estate have been ascertained by a judgment or decree, or that any demand has been made therefor on the administrator. This could not be for the reason that the defendant refuses to account.

The stat. c. 113, evidently contemplates two classes of cases. 1. Where parties interested may bring a suit on the probate bond without the permission of the judge of probate. — 2. Where such suit may be brought with his permission.

In the first class of cases it provides certain things, viz : — The party bringing the suit shall allege his own name, &c. § 6 ; otherwise the writ shall abate. But then it must be pleaded in abatement, that there is no such allegation, and that the suit is brought without authority of the judge. That is not done here. *Coffin* v. *Jones,* 5 Pick. 62. Again, such party shall be personally liable for costs, § 7. And must have his claim ascertained and make a demand, § 10, 11, 12. And in such cases execution issues for a certain amount, (§ 14,) to be levied in a certain way, § 15.

But in the second class of cases, different provision is made. If the suit is brought by permission of the judge of probate, the suit will not abate, although no such allegations are made, and no such facts appear, § 7, proviso. This proviso in terms

applies to all the provisions of § 5, 6, 7. Still, it must be evident, that suits may as well be commenced by a person interested, and whose claim has been reduced to a certainty by judgment or decree, with as without the consent of the judge of probate. In the former case, where the consent of the judge has been obtained, and where the claim has been judicially ascertained, and a demand made, it is manifestly proper that the interest should be stated, in order that judgment should be rendered and execution issue without further proceedings. It is quite as proper as where the consent has not been obtained, and the suit is matter of right, as it would be in similar cases.

It may be doubted, then, whether the proviso in § 7 was intended entirely to do away with the statement of the interest, &c. in cases where the consent of the judge was obtained. But it is very clear, be this as it may, that there are cases where the consent of the judge must be obtained in order to support the suit. Because taking the 5th & 6th in connexion with the 10th, 11th, and 12th sections, it is manifest that to support a suit brought under § 5, certain things must appear. If they do not appear, the consent becomes essential. But can it be that no suit will lie for a breach of the probate bond, until the amount of a claim or a share is ascertained by a judgment or decree? This cannot be so, for cases may arise where by the act or neglect of the administrator, this is impossible, as by his refusal to account. For such a case the statute provides. Protected by the consent of the judge, a suit may be brought. In such a case, the party for whose benefit the suit is brought need not prove that his claim has been ascertained, or that he has demanded payment. And if the breach exist certain consequences follow, as provided in § 16, 17, 18. Judgment is to be entered for the penalty in all cases, § 13.

Whenever it shall appear for whose use, and that such person's claim has been ascertained, &c. certain proceedings are to be had as in § 14, 15. In other cases proceedings are to be had as in § 16, 17, 18.

Whether, therefore, in the case at bar, it was absolutely ne-

cessary or not, under the proviso in the seventh section, to allege for whose benefit the suit was brought, that allegation is, at the worst, but mere surplusage, which cannot vitiate. The case is sustained by proof of the consent of the judge. Without that permission, the allegation would be necessary, and certain things must be shown. With it the allegation of interest can do no harm. And judgment must be had for the penalty, with such subsequent proceedings as are pointed out for such a case.

This permission of the judge distinguishes this case from those of *Coffin* v. *Jones*, and *Barton J.* v. *White*. That was a material point in both those cases, as will be perceived on examination.

It is presumed, that if necessary, and the allegation of parties' names should be considered improper, the Court would give leave to amend by striking out the superfluous matter.

It was said in behalf of the defendant :—

This is an action upon a probate bond and is presented to the Court upon an agreed statement of facts.

And the question to be decided is, whether upon this statement, the law will allow the plaintiffs to maintain this action. The plaintiffs rely merely on the most stringent principles of the strictest law. They therefore cannot complain, if these legal principles forbid their recovery in this case.

In the defence of this action the defendant contends, that it cannot be maintained for several reasons.

1. The plaintiffs in interest have no legal right to bring a suit in this manner.

The action is brought as is alleged in the writ, for the benefit of the persons therein named, and not under the direction of the judge of probate for the benefit of the estate. But an action cannot be brought for the benefit of the "next of kin," or indeed any other person, without proving a demand on the administrator, before action brought ; and in case of persons entitled to distributive share of personal estate of deceased persons, a decree also of distribution must first be made by the judge of probate. Rev. Stat. chap. 113, § 10,

11 and 12. And so was the law before the Revised Statutes. This action, then, being brought by the guardians for the benefit of their wards, can in no event be maintained. *Coffin, Judge,* v. *Jones,* 5 Pick. 61 ; *Barton J.* v. *White,* 21 Pick. 58.

Again — supposing this action could be maintained, would it be pretended that any execution could be issued for the plaintiffs in interest ? I apprehend not. But the whole effect would be to require the administrator to account for the amount recovered, in the final settlement of the estate, as assets. Rev. Stat. c. 113, sect. 19.

But this cannot be done, where the suit is brought for the benefit of any particular individuals. *Coffin* v. *Jones,* before cited. And no execution could issue thereon, as the property of any individual. This action must be sustained, if at all, for the benefit of the guardians, for such is the declaration, such is their petition, and such the supposed order of the court. The statute of 1821 made it necessary, in all suits brought in name of judge of probate, to indorse on the writ the name of the plaintiff or his attorney, and also the name of the person for whose particular use the suit was brought; c. 51, sect. 70. The Rev. Stat. c. 113, sect. 5, permits any person interested in any probate bond to bring a suit on it without any application to the judge of probate, and in that case the writ shall allege in whose behalf it is brought; but these provisions are not applicable to suits commenced by authority of the judge ; sect. 7. In the first case the parties interested recover for their own benefit, and in the 2d the judge recovers as trustee. This, however, it would seem, can only be done, where it is so sued for, where such is the object of the action. In the one case, the party is seeking his own benefit, and in the other the judge is protecting the estate.

I apprehend, therefore, that the language of reason as well as the books is, that the judge of probate cannot have execution as trustee for the benefit of the estate, where the suit is brought for individual benefit.

The opinion of the court was drawn up by

WHITMAN C. J. — This is an action of debt against the defendant, on a bond given by him as administrator of the estate of Horatio Smith, deceased. The action purports to be for the benefit of certain individuals, alleged to be the heirs to that estate; and no allegation is inserted, that it was instituted by the express authorization of the judge of probate. We must, therefore, regard it as having been brought under and with reference to the Rev. Stat. c. 113, $\S$ 5, 6, and 7, authorizing heirs and others to commence suits on such bonds, without special leave for the purpose from the judge of probate. Hence it is insisted, in defence, that the action cannot be maintained, without proof that there has been a decree of distribution, as provided in $\S$ 12 of the same statute. The plaintiffs in reply, insist, that they were expressly authorized to institute the suit by the judge of probate; and that in such case they are not bound to show a compliance with the requirements in $\S$ 12. And if the action had been professedly commenced, and had so appeared in the declaration, by the "express authority" of the judge of probate, as mentioned in the proviso at the conclusion of $\S$ 7 of said statute, and the proof had corresponded with the allegation, we are far from entertaining a doubt, that a compliance with the provisions of said $\S$ 12 would have been necessary to the maintainance of the action. That actions, on administrators' bonds, will lie in cases other than those depending on $\S$ 5, 6, 7, 10, 11 and 12, is entirely evident. This the proviso, before alluded to in $\S$ 7, renders undeniable. That proviso is in these words, " provided that this, and the two preceding sections, shall not be construed as applicable to suits on such bonds, when commenced by the *express authority* of the judge of probate." It is no where said in the statute, that the judge may commence such actions of his own mere motion. But the proviso shows, that they are to be commenced by his express authorization, except in the cases specified in the above named sections. That there are cases in which it may often become necessary to institute suits by the express authority of the judge of probate, is unquestionable. If an administrator

returns no inventory, or settles no account at the probate office, or refuses to appear when cited by the probate court, to settle an account, an action upon his bond should be ordered to be instituted, to recover for the benefit of all concerned in the estate, as provided in § 16, of said statute. And it is very clear that a recovery for the full value of whatever personal property of the deceased has come to his (the administrator's) hands, without any discount or allowance for charges of administration or debts paid, when an administrator, upon citation for the purpose has refused or neglected to account upon oath, as provided in § 16, must be for the benefit of the estate. No individual can be allowed so to recover for his sole benefit. That some or all of those interested in the estate may so recover for the general benefit, for the purpose of having the same administered upon as belonging to the estate, and constituting part or the whole of the general assets, provided it be done by the express authority of the judge of probate, can scarcely be questioned. It would seem that the authorization to put the bond in suit, must be of some or all of those interested; for the idea that he is, of his own mere motion, to commence the suit, upon being by himself expressly authorized so to do, is a solecism too gross to be imputed to the Legislature. If he were to commence the suit he would be a party, and answerable for costs to the defendant, if the latter should prevail; and, moreover, must be expected to make all the advances for the expenses for evidence and counsel fees in carrying on the suit. To these it was never intended that he should be subjected. The action, therefore, except in the cases contemplated in § 5, 6, and 7, and 10, 11 and 12, must be by persons, who will undertake to carry forward the suit, and be responsible for costs, in case of failure; and by the express authority of the judge of probate; and this authorization should appear in the process; otherwise it could not be known that the proceeding was not to be had under the said 5, 6, 7, 10, 11 and 12th sections of the statute which would constitute an entire different cause of action. In the latter case a specific sum would be sought to be recovered for the

benefit of the plaintiff; whereas in the former, general damages would be the object of the suit, and for the benefit of all, indiscriminately, who might be interested in the estate.

These views are believed to be consonant to those to be met with in *Robbins, judge,* v. *Hayward,* 16 Mass. R. 524 ; *Coffin, judge,* v. *Jones,* 5 Pick. 61, and *Barton, judge,* v. *White,* 21 *ib.* 58. It must be admitted, however, that there are decisions not easily reconciled with those. In *Coney, judge,* v. *Williams & al.* 9 Mass. R. 114, the reporter's abstract, showing his understanding of the import of that decision is, that, " where the administrator of an insolvent estate unduly neglects to settle the account of his administration, &c. an action lies on the administration bond for the benefit of a creditor, besides the remedy against the proper estate of the administrator." The late Chief Justice Mellen, in delivering the opinion of the Court, in *Dickinson, judge,* v. *Bean & al.* 2 Fairf. 50, understands that case to decide, " that the official negligence of the administrator (in case of an estate represented insolvent) to comply with the provisions of the act of 1794, § 5, by settling their accounts, within the six months prescribed, was considered as dispensing with the necessity of a demand," which *he says* was not proved in that case to have been made. And he considered the re-enactment in our State, after separation, of the same provision, which was in force when that decision was made, and eight years after it, shew an adoption of the principle of that decision. In *Barton, judge,* v. *White,* 21 Pick. 58, Mr. Chief Justice Shaw, in delivering the opinion of the Court, lays down the law to be, that a party plaintiff, in such case without dividend ascertained, and a demand of the amount awarded, cannot recover. And yet he held that the case of *Coney, judge,* v. *Williams,* was not inconsistent with his decision ; and says in that case, "a judgment at common law had been recovered by the creditor against the estate, and the amount *ineffectually demanded* of the administrator, before the commencement of the action." He seems further to have understood that case as distinguishable from, and not inconsistent with the decision he was then delivering, because that

case, he says, was decided upon the ground that the plaintiff had obtained a judgment at law, and that the defendant could not set up in defence his negligence in not having settled an account, so as to enable the judge of probate to make a decree of distribution. He does not seem to have adverted to the express enactment, that, before a creditor can support such an action, he must produce the decree of distribution, and that it would be his folly to institute such an action before he was certain he could do so. Yet the case then before him was one of neglect on the part of the administrator to settle his account, the estate being represented insolvent, whereby the creditor, by the negligence of the administrator, had been prevented from placing himself in a condition to recover. And it is difficult to perceive, why such negligence should not have been equally available to the plaintiff in the one case as in the other. Evidently Mr. Chief Justice Mellen was not, in *Dickinson* v. *Bean & al.* impressed with any such distinction. That case and *Barton* v. *While,* do not seem to be distinguishable in principle from each other; yet the two distinguished Chief Justices, and their associates, seem to have come to conclusions diametrically opposite. The decision in *Dickinson, judge,* v. *Bean & al.* is considered by the Court in this State as supported decisively by that of *Coney, judge,* v. *Williams & al.*

The statute law in this State is now in substance precisely what it was when *Dickinson, judge,* against *Bean & al.* was decided. It was then comprised in two acts. It is now comprised in one; and the re-enactment took place a number of years after the decision in *Dickinson* v. *Bean & al.* and upon the principle noticed by Mr. Chief Justice Mellen, it might be argued, that the construction put upon the statutes in that case, was confirmed by the re-enactment. But the language of the Rev. Stat. c. 113, is too plain to admit of any doubt; and it certainly negatives any conclusion, that, however negligent the administrator may have been, any action can be maintained against him on his bond till the prerequisites prescribed have been complied with. In this case the distributive shares of the heirs have not been ascertained and decreed. The law at

this time as settled in Massachusetts undoubtedly is, that such an action cannot be maintained. The late decisions there are to that effect, as appears by the three cases first above cited. The statutes in this State and in that are understood, in reference to this matter, to be entirely similar.

It may be remarked, however, that in Massachusetts, till after the separation of this State from that, instead of inserting the names of those for whose benefit a suit might be brought on an administration bond, it was required that an indorsement to the same effect should be made upon the writ, as will be perceived in the case of *Coffin, judge,* v. *Jones ;* but that is a difference which can in nowise affect the merits of the case.

It has been suggested by the plaintiffs in argument, that leave might be granted to·amend, so as to make the action the same as if commenced professedly by the *express authority* of the judge of probate. But in effect this would introduce a new party as plaintiff, and a new and different cause of action ; and make a different ground of defence applicable, as before suggested. Such an amendment could be granted only upon terms ; and not without an opportunity to the adverse party to be heard upon a motion for that purpose, if at all.

*Plaintiffs nonsuit.*