ORRIN McFADDEN, Judge of Probate,

*vs.*

J. H. H. HEWETT, Administrator.

Lincoln.    Opinion December 16, 1885.

*Pleadings.  Declaration.  Amendment.  Guardian's bond.  R. S., c. 72, § 10.*

A declaration on a guardian's bond, which omits the averment, that the interest of the persons suing had been specifically ascertained by probate decree, may be amended by adding the omitted words.

The declaration is not faulty for alleging that the action had been authorized by the judge of probate, when it is immaterial whether he assented to the action or not; the over-averment may be disregarded or stricken out.

A guardian's bond is not converted from a statutory to a common law bond merely because it contains provisions not required in the statutory form, which are in accordance with law.

ON EXCEPTIONS.

An action against the surety, Beder Fales, on a guardian's bond for sale of real estate.  The original defendant died during the pendency of the action and his administrator, the present defendant, was cited into court.

The defendant demurred to the declaration and the demurrer was sustained, and the plaintiff was allowed to amend upon terms.  The defendant again filed a demurrer which was over-ruled and he alleged exceptions to the ruling of the court in allowing the amendment and in overruling the second demurrer.

(Declaration.)

"For that the said Beder Fales, together with one Joshua Patterson and one James Jones, then in full life, but since deceased, on the twenty-sixth day of August, A. D. 1856, at Thomaston, to wit: at Wiscasset in the county of Lincoln, by their writing obligatory of that date, sealed with their seals, and here in court to be produced, bound and acknowledged themselves to be indebted to one Arnold Blaney, judge of probate of wills and for the granting of administrations within said county of Lincoln, in the sum of nine hundred dollars, to be paid to the said Blaney or his successor in said office on demand; and the plaintiff avers that he, the said Kennedy, is the successor of said Blaney, in the said office of judge of probate for said county of Lincoln, and that this writ is sued out in the name of the said Kennedy, judge of probate as aforesaid, by William O. Counce, Alden M. Counce, and Mary P. Counce, all of Warren, in the county of Knox, and Eliza A. Jordan of Thomaston, in said county, children and heirs of Oliver W. Counce, late of said Warren, whose guardian the said Joshua Patterson was at the time of the execution of said bond, and for whose benefit said bond was given; all of whom are personally interested in the bond herein declared upon.

"Yet though often requested, the said defendant has not paid the said sum, but neglects and refuses so to do."

(Amendment.)

"The plaintiff in the above entitled action prays leave to amend the declaration in his writ, by adding thereto the following, viz: And that their interests in said bond have been specifically ascertained by a decree of the judge of probate for said county of Lincoln; and that they have been expressly authorized by such judge to commence this suit upon said bond for their benefit, and for the benefit of said estate; yet though often thereto requested, the said Fales, Patterson and Jones, or either of them in the lifetime of the said Patterson, or the said Fales and Jones or either of them in the lifetime of the said Jones, or the said Fales after the decease of said Patterson and said Jones, never paid the said sum of nine hundred dollars to

the said Arnold Blaney while in said office, or to any of his successors therein, or to the said Almore Kennedy; but they and each of them have neglected and still neglect to do so."

(Condition of the bond.)

"The condition of this obligation is such that whereas, the above bounden Joshua Patterson, guardian of Eliza A., Wm. O., Alden M. and Mary P. Counce, minors and heirs of Oliver W. Counce, at a probate court, holden at Thomaston, within and for said county of Lincoln, on the 26th day of August, 1856 last, obtained license to make sale of certain real estate as is described in his petition on file, dated August 1, 1856.

"Now therefore, if the said Joshua Patterson shall in all things relating to such sale, govern himself by the laws of said state, so that the interest of said minors shall be secured, and shall observe the rules and directions of the laws for the sale of real estate by executors or administrators; and shall put out and secure the proceeds of said sale on interest, for the benefit of said minors, and shall account for and make payment of the proceeds of said sale agreeably to the rules of law; then the above written obligation to be void, otherwise to abide in full force and virtue."

*A. P. Gould*, for the plaintiff, cited: Gould's Pl. c. 3, § 8; *Jones* v. *Sutherland*, 73 Maine, 157; *Blake* v. *Maine Central R. R. Co.* 70 Maine, 60; *Briggs* v. *Grand Trunk Ry. Co.* 54 Maine, 375; 1 Chitty Pl. 228; *Cleaves* v. *Dockray*, 67 Maine, 118.

*Baker, Baker and Cornish*, for the defendant.

The plaintiff's amendment should not have been allowed even on terms. Under rule IV of the court an amendment in form is allowable, and under rule V an amendment in matter of substance may be made in the discretion of the court, but no amendment will be allowed unless it be consistent with the original declaration and for the same cause of action. The amendment here comes within the prohibition and should not have been allowed. *Annis* v. *Gilmore*, 47 Maine, 152; *Parkman* v. *Nutting*, 59 Maine, 398; *Milliken* v. *Whitehouse*, 49

Maine, 527; *Cooper* v. *Waldron*, 50 Maine, 80; *Farmer* v. *Portland*, 63 Maine, 46; *Bruce* v. *Soule*, 69 Maine, 562; *Groton* v. *Tallman*, 27 Maine, 68.

Counsel contended that the declaration after the amendment was bad, and cited: *Wing* v. *Rowe*, 69 Maine, 282; *Robbins* v. *Hayward*, 16 Mass. 524; *Coffin* v. *Jones*, 5 Pick. 61; *Barton* v. *White*, 21 Pick. 58; *Groton* v. *Tallman*, 27 Maine, 68.

The bond in suit is not a statute bond and therefore not properly brought here. This bond was given in 1856 and the statute form then required, is stated by R. S., 1841, c. 112, § 5.

The conditions of the bond in suit required of the guardian more than the statute form. The conditions should follow the words of the statute, precisely. See *Lyman* v. *Conkey*, 1 Met. 317; *Fay* v. *Taylor*, 11 Met. 529; *Brooks* v. *Brooks*, 11 Cush. 18; *Morse* v. *Hodsdon*, 5 Mass. 314; *Boston* v. *Capen*, 7 Cush. 116; *Com.* v. *Kelly*, 9 Gray, 259; *Bank of Brighton* v. *Smith*, 5 Allen, 413; *Athens* v. *Ware*, 39 Maine, 345.

PETERS, C. J. This action, on a guardian's bond, was designed to be brought under section 10, ch. 72, R. S. But it was not originally averred in the writ that the interest of the persons suing the bond, had been specifically ascertained by a decree of the judge of probate, as required by that section. The plaintiffs were allowed, upon terms, to amend by inserting the omitted words. The defendant contends that the amendment was not admissible,— that it introduces a new cause of action and in a sense new parties. We think the amendment merely allows a missing link to be supplied in the facts alleged, and that the objection to it should not be sustained.

The plaintiffs, before amendment having too slender an averment, after amendment have too much. In the flurry of *nisi prius* the amendment was over-loaded. It not only added the missing words, but further added an averment that the plaintiffs (in interest) had been expressly authorized by the judge of probate to commence the action for their benefit, and for the benefit of the estate. These superfluous words were borrowed

from section 16, of the chapter referred to, and would be more appropriate to an action brought under conditions not applying to this case. But the words are harmless and may be rejected as surplusage. Under section 10 the action is instituted without the consent of the judge, and under section 16 with his consent. It must be harmless to allege the judge's consent when it matters not whether he consents or not. "The estate" can be no other than the estate belonging to the heirs, and the action really enures to the benefit of the heirs and their estate, although instituted under section 10 and not section 16.

An additional defense is that the bond declared upon is not a statute bond — that it contains provisions not required by law. The provision in the bond which seems to be the most of a departure from the statutory form, is the requirement that the guardian should put out and secure the proceeds of sale (of the real estate) on interest for the benefit of the minors. But this imposed no new obligation. We think the position taken by plaintiff's counsel correctly answers this objection. While the statutory form of bond did not require such a thing, the law did require it. The bond was given when part 6 of section 10, ch. 112, R. S., of 1841, was in force. The later form of bond requires the principal to obey the law appertaining to the duties undertaken by him. The older form, and this bond was of a style formerly used, contained more specification of such duties. The other obligations named in the bond were substantially what the law imposed. The opinion, in the case of *Cleaves* v. *Dockray*, 67 Maine, 118, contains illustrations of harmless departures from the strict formalities of probate bonds, and the present case falls within the principle there illustrated. The law required certain duties of the guardian who gave the bond now in suit — and his bond required no more. No new or additional burden was put upon him.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.