JOHN A. WATERMAN, JUDGE OF PROBATE,

*vs.*

KATE H. DOCKRAY and others.

Cumberland. Opinion February 24, 1887.

*Bond. Probate judge. Practice. Amendment.*
</div>

A probate bond, which on account of some deficiency is merely a common-law bond, while destitute of power to enforce statutory penalties, and suable-

only in the name of the judge to whom given, is available for the enforcement of all legal obligations assumed by the makers, in the same manner as if a statutory bond.

The writ in a suit on such bond, brought in the obligees' name, for the benefit of the estate generally, is amendable by inserting the name of a person as prosecutor; the amendment does not bring into the case either a new party or new cause of action; the obligee (judge of probate) is the party in trust for all persons interested.

ON exceptions.

This was the second time this case had been before the law court. It is reported in 78 Maine, 139, where is given a copy of the original declaration. The plaintiff, after the first opinion of the court filed an amendment to the declaration and the defendant moved that the amendment be not allowed because, among other reasons, it set out new causes of action and introduced new parties. The presiding justice *pro forma* sustained the motion and refused to allow the amendment. To this ruling the plaintiff alleged exceptions.

(Amendment to declaration in writ.)

"Under the decision of the law court, and the order of the justice presiding at the January term, 1886, in said county, plaintiff files the following amendments to his writ and declaration, viz. :—

"1. Amend the writ by inserting immediately before the declaration after the words 'James R. Dockray' the following :— 'as well as by Ammi R. Mitchell, of Cleveland, in the State of Ohio, a creditor of said estate and a party interested.'

" 2. Amend the declaration by inserting after the words 'here in court to be produced' the following :— 'which writing is of the tenor following :—

" 'Know all men by these presents, that we, Kate H. Dockray of Portland, executrix of James R. Dockray of said Portland and Oliver Gerrish and Charles R. Milliken, both of Portland, in the county of Cumberland, within the state of Maine, are holden and stand firmly bound and obliged unto John A. Waterman, Esquire, judge of probate of wills, and for granting administration, within the county of Cumberland,

in the sum of ten thousand dollars, to be paid unto the said judge of probate, or his successors in said office; to the true payment whereof we bind ourselves, and each of us, our and each of our heirs, executors and administrators, jointly and severally by these presents.

" 'Sealed with our seals. Dated the sixteenth day of December, in the year of our Lord one thousand eight hundred and sixty-eight.

" 'The condition of this obligation is such, that if the above bounden Kate H. Dockray, executrix of the last will and testament of James R. Dockray, late of Portland in said county of Cumberland, deceased—

" 'First.—Shall make and return to the probate court, within three months, a true inventory of all the real estate, and all the goods, chattels, rights and credits of the testator which are by law to be administered, and which shall have come to her possession or knowledge;

" 'Secondly. — Shall administer, according to law, and to the will of the testator, all his goods, chattels, rights and credits;

" 'Thirdly.—Shall render, upon oath, a just and true account of her administration, within one year, and at any other times, when required by the judge of probate;

" 'Fourthly.—Shall account, in case the estate should be represented insolvent, for three times the amount of any injury done to the real estate of the deceased, by her, or with her consent, between the time of the representation of insolvency, and the sale of such real estate for the payment of debts, by waste or trespass committed upon any building thereon, or on any trees standing and growing thereon, except as may be necessary for repairs or fuel for the family of the deceased, or by waste or trespass of any other kind, and also for such damages as she may recover of any heir or devisee of the estate, or other person, for the like waste or trespass, committed on any such real estate.

" 'Then the above written obligation shall be void, otherwise shall remain in full force.

"'Signed, sealed and deliv-          Kate H. Dockray,       [L. S.]
ered in presence of               Oliver Gerrish,         [L. S.]
S. C. Strout,                     Charles R. Milliken,    [L. S.]
L. Kidder.  (U. S. I. R. Stamp.  Value of $1.00.)
"'Cumberland, ss.                    Dec. 16, A. D., 1868.

The above bond is examined, approved and ordered to be recorded and filed.

John A. Waterman, Judge.'"

"3.   Further amend the declaration by adding thereto the following :—'And plaintiff avers that said Kate H. Dockray, executrix of the last will and testament of said James R. Dockray, at a term of the probate court for said county of Cumberland, begun and held on the first Tuesday of October, 1873, represented the estate of said James R. Dockray, insolvent, and in her said representation and petition, commissioners of insolvency were appointed thereon at the term of said court begun and held on the first Tuesday of November, 1873, and said commissioners made their final report and the same was accepted and approved at the term of said court begun and held on the first Tuesday of June, 1876, and the following claims were then and there proved and allowed according to law against said estate, viz. :

"And plaintiff further avers that at a term of said court begun and held on the third Tuesday of May, 1875, on petition of said Mitchell, creditor aforesaid, said Kate H. Dockray, executrix aforesaid, was ordered to present her account on or before the first Tuesday of the next June.

"And at a term of said court begun and held on the third Tuesday of June, 1875, said Mitchell petitioned for the removal of said executrix because she had failed to settle her account and because she had mismanaged said estate.

"And at a term of said court begun and held on the third Tuesday of July, 1875, the said John A. Waterman, then judge of probate within and for said county, removed said Kate H. Dockray, executrix aforesaid, from her said trust, and expressly authorized said Mitchell, a creditor of said estate, to bring suit in his name on said bond hereinbefore set forth.

"And thereafterwards, at the term of said court begun and held on the first Tuesday of March, 1876, said Lewis Pierce was appointed administrator *de bonis non* with the will annexed of said estate, and duly qualified as such.

"That thereafterwards, at a term of said court begun and held on the first Tuesday of May, 1876, said Kate H. Dockray, late executrix aforesaid, settled her first and final account as executrix of said estate, wherein she acknowledged herself chargeable to said estate with a balance of $7,288.96.

"That thereafterwards, on the fifth day of July, 1876, at a term of said court begun and held on the first Tuesday of July, 1876, on petition of said Pierce, administrator *de bonis non* with the will annexed as aforesaid, she was cited into court and examined in regard to the assets of said estate, and then and there demand was made upon her for the balance with which she had charged herself as aforesaid in her said account, but said Kate H. Dockray then and there refused to deliver to said Pierce, administrator *de bonis non* with the will of said James R. Dockray annexed, any books, accounts, notes, papers, money, property or assets of said estate.

"That thereafterwards said Kate H. Dockray caused to be delivered to said Pierce, certain notes belonging to said estate being part of the assets of said estate, of the value of $1,265.

"And that said Kate H. Dockray still refuses to deliver to said Pierce, administrator *de bonis non* with the will annexed as aforesaid, any other portions of the assets of said estate named in her said account and in the inventory of said estate filed by said Kate H. Dockray, when executrix as aforesaid, but retains and withholds from him the remainder thereof, of the value of $6,023.86, all which is property of said estate not administered upon by said Kate H. Dockray, as executrix aforesaid, and a part of which is household furniture and other goods and chattels of the value of $599.75, and the remainder money, as has been specifically ascertained by said inventory and her said account."

*C. W. Goddard,* for plaintiff.

*H. D. Hadlock,* for defendant.

PETERS, C. J. The bond in suit, being a common law bond, is necessarily sued in the name of the person who was judge of probate when it was given, instead of in the name of his successor, is destitute of power to enforce statutory penalties, but is available for the enforcement of all legal obligations assumed by the makers, in the same manner as if it were a statutory bond. *Cleaves* v. *Dockray*, 67 Maine, 118 ; Schoul, Ex. § 143, and cases.

When this case was presented to the court before (78 Maine, 139), the writ charged that the action was prosecuted in John A. Waterman's name by the administrator, *de bonis non*, of the estate of Dockray. That was held not maintainable because the administrator had no adjudged claim of his own to recover, and no authority from the judge of probate to prosecute the action in behalf of the estate generally. The court say that Ammi R. Mitchell, a creditor, might have prosecuted the action, having had leave to do so, and that the plaintiff might amend his writ and declaration on payment of costs. The costs were paid by the plaintiff, and accepted by the defendants.

How to amend? If the writ was not a valid writ, was it not to amend so as to make it valid? If the decision was that the action could only be prosecuted by the creditor, Mitchell, was it not to so amend as to make Mitchell the prosecutor? Have not the defendants voluntarily received a consideration for allowing an amendment that will give the proceeding full force and efficacy? Were the costs received to allow merely a useless amendment? In our opinion, the plaintiff is entitled to amend to any extent necessary to make his pleadings sufficient.

But it will be a change of parties and of the cause of action, is argued by the adverse party. We think not, in any substantial sense. The real parties will be the same after as before amendment ; the plaintiff was and still will be John A. Waterman. In his name the judgment must be recovered for all the creditors,— and in his name alone will execution be issued. The original action was not commenced under section 10 of c. 72, R. S. No particular claim was sought to be recovered. The attempt was to sue the bond under section 16 for the estate — the benefit

of all. The essential party is John A. Waterman, the obligee in trust of all persons interested in the bond.

Nor is the cause of action changed in the least by the amendment. The cause of action is the same whether the suit be promoted by one or another person. It is essentially the same thing to the defendants, whoever the secondary parties may be. In any case, the cause of action is the bond and a forfeiture under it. When a judgment is recovered, the judge of probate assigns it to the new administrator to collect for the benefit of the estate generally. R. S., c. 72, § 18.

In the earlier practice such suits were brought by the judge of probate in his own name, upon the indemnity of some interested party to save him harmless of costs. In the present Massachusetts practice, the requirement is that the writ shall be indorsed " by the person for whose benefit or at whose request the suit is brought, or by his attorney." In *Bennett* v. *Woodman*, 116 Mass. 518, it is said : "The judge of the probate court, and not the indorser of the writ, represents the rights upon which the action is to be maintained, if at all," in an action for the general benefit of the estate. It was there held to be immaterial that the person upon whose representation the action was brought would receive no benefit from a recovery on the bond. The party permitted to commence the action is merely a promoter or prosecutor, a person who volunteers to carry on the suit, at his own risk and expense, for the common good. He is not the party—he merely supports the party. In an action under section 10, commenced without leave of court, it would be different.

It has never been decided that an amendment such as is offered here is inadmissible. In *Potter* v. *Cummings*, 18 Maine, 55, an amendment of the kind was not rejected. In *Patten* v. *Tallman*, 27 Maine, 68, it was held that " such an amendment could be allowed only on terms." In *McFadden* v. *Hewett*, 78 Maine 24, an amendment of as much substance as this was allowed. Bear in mind that our statutes now allow, on payment of costs, a change of parties, by way of amendment, by either

lessening or increasing the number of either plaintiffs or defendants.

It appears from the facts stated in the proposed amendment, that a large amount of unadministered property has remained in the principal defendant's hands for more than ten years, and that creditors have been thus far baffled, in their attempts to recover their claims, by her maladministration of the estate. The liability under her bond seems to be doubly fixed. First, by neglecting to account when required to do so,— secondly, by a failure to turn over the property to her successor when demanded of her. Escape from liability altogether, a consequence that might ensue if an amendment be not allowable, would be a stigma on the law itself, occasioned by the remissness of some of its servants or officers. That need not be.

Perhaps it would leave the writ and declaration more consistent to strike Pierce's name therefrom, although not necessary to do so, and allege that the action is prosecuted by Ammi R. Mitchell, a party interested, for the benefit of the estate, he having been expressly authorized to do so by the judge of probate.

At all events, the plaintiff should be allowed to make the amendment asked for, or any other which would not be a substantial departure from the limit indicated.

> *Exceptions sustained. Motion of defendant overruled. Amendment allowed.*

WALTON, VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.