Story, J.,
 

 delivered the opinion of the court, as follows : — The appellants, who are heirs-at-law of Sally Carter, deceased.
 
 *161
 
 petitioned, the orphans’ court of the county of Alexandria, to revoke and repeal the probate of the will of the said Sally Carter, procured by the respondents, upon the ground, that the said will was admitted to probate, without notice to the appellants, and that the supposed testatrix was an inhabitant of and resident in Virginia, at the time of her death, and left no assets, real or personal, Or debts, in the county of Alexandria. The orphans’ court, without issuing a summons to the respondents, dismissed the petition, and upon an appeal, this dismissal was confirmed by the circuit court of the district of Columbia.
 

 Two objections have been taken to the sustaining of the appeal to this court: 1. That by the act of congress of 27th February 1801, c. 86, § 12 (2 U. S. Stat. 107), it is enacted, that on appeals from the orphans’ *court to the circuit court, the latter “shall therein have all the J powers of the chancellor ” of the state of Maryland ; and by the laws of Maryland, the decree of the chancellor in a like case would be final: 2. That the decree of dismissal is not any final judgment, order or decree of the circuit court, wherein the matter in dispute, exclusive of costs, exceeds $100.
 

 The majority of the court cannot yield assent to the validity of either of these objections. As to the first, we are of opinion, that the conclusivencss of its sentence forms no part of the essence of the powers of the court. Its powers to act are as ample, independent of their final quality, as with it. Besides the act of February 27th, 1801, § 8 (2 U. S. Stat. 106), has expressly allowed an appeal from “ all final judgments, orders and decrees of the circuit courts,” where the matter in dispute exceeds the limited value, and there is nothing in the context to narrow the ordinary import of the language. We cannot admit that construction to be a sound one, which seeks, by remote inferences, to withdraw a case from the general provisions of a statute, which'is clearly within its words and perfectly consistent with its intent. The case of
 
 Young
 
 v.
 
 Bank of Alexandria,
 
 4 Cranch 384, is, in our judgment, decisive against this objection.
 

 As to the second objection, it is conceded by both parties, that the estate devised to the respondent, Sally C. Cutting, is worth several thousand dollars. If, then, the probate of the will had any legal operation, and was not merely void, the controversy as to the validity of that probate was a matter in dispute equal to the value of the estate devised away from the heirs. It cannot be doubted, that the orphans’ court had jurisdiction to allow probate of wills, made by persons in foreign states ; and that probate, once allowed, operated as a sentence affirming the validity of such wills between the parties, so far as the
 
 lex loci
 
 could give them operation. It is understood, that a will regularly proved in another state, in strict conformity with the laws of that state, acquires, if it possess the other legal requisites, a binding efficacy in Virginia, so that it may be admitted to record there. The estate devised is understood to be situated *in Virginia, -* and the title of the heirs thereto would, consequently, be affected by the probate in this district. The probate, then, not being merely void, but affecting the title to lands exceeding $100 in value, is a matter in controversy beyond that value, within the purview of the act of 1801.
 

 The decree of the circuit court dismissing the petition is reversed, and
 
 *162
 
 the cause is to be remanded to that court, with directions to proceed to a hearing upon the merits.
 

 Decree reversed.