Per Curiam.

The Court entertain no doubt of the constitutionality of the law on which this action is founded. The object of it is clearly within legislative sanction, being relative to the discipline of public seminaries of learning. The common law renders void any promise made by an infant, the consideration of which is not for necessaries ; but people will nevertheless give credit to them, and minister to their pleasures and dissipation, relying upon the honor of ingenuous young men to discharge debts so incurred. Thus the wholesome intention of the common law is evaded, and youth are exposed *184 to temptations which it is difficult for them to resist, and thus parents are brought to expense, besides suffering the loss of their hopes in the education of their children. A general law, such as the one in question, is perhaps the only remedy for so great an evil ; and this statute may be considered as passed in aid of the common law, being founded in similar principles ; for youth assembled at a college for education are properly regarded as minors, whether of twenty-one years of age or under.
But, for errors manifest in this record, the judgment of the Circuit Court of Common Pleas must be reversed. It is not alleged in the declaration, that any rules have been established on the subject of the statute, nor that any officer has been authorized by the government of the college to give the consent which may be an excuse for the act of giving credit, though it is averred, that the credit was given without such consent. But we think the penalty is not incurred, unless some rules have been made on the subject of giving credit, nor unless some officer has been authorized to give or withhold consent, as the circumstances may require. The giving credit generally is not an offence, but only when it shall be done in violation of rules established by the government of the college. It is an essential fact, which ought to be averred, that such rules have been made.

Judgment reversed.