The Utica Insurance Company *v.* Lynch.

----

## THE UTICA INSURANCE COMPANY *vs.* LYNCH and ROBERTS.

Where a mere error in calculation has occurred in a master's report, the court of chancery, upon further directions, may direct the report to be amended; although no exceptions have been filed, and without sending such report back to the master to be corrected; but where the report has been followed by an order or decree of the court, for the payment of the balance as found due by the master, the report cannot be amended while the order or decree founded thereon remains in full force.

The Utica Insurance Company *v.* Lynch.

And after the order of the chancellor, confirming the report and directing the payment of the money, has been affirmed by the appellate tribunal, he is not authorized to set aside or alter that order, as erroneous.

A receiver, upon the passing of his accounts, is not entitled to an allowance out of a fund in his hands as receiver, for counsel fees which he has paid on an unsuccessful defence to a suit brought against him by the owner of such fund; nor for the expenses of an unsuccessful appeal brought by him from the decree in such suit.

THIS case came before the chancellor, upon the petition of the defendant Roberts, to correct certain alleged errors in a master's report, made under the decree in this cause. One or two of the alleged errors were errors in computation only, and the others were omissions to credit the petitioner for sums which had been paid out by him; but the last mentioned errors did not appear upon the face of the report, or of the schedules annexed thereto. The petitioner had excepted to the report in relation to the allowance of interest against him on actual balances; but his exceptions did not involve the question as to these alleged errors, except so far as the interest and commissions were concerned. Those exceptions were overruled by the chancellor, and the report was confirmed; and the order of confirmation was followed by a further direction, contained in the same order, requiring the petitioner to pay over the balance found due from him, by the report of the master, with interest on that balance from the date of the master's report. From that order the petitioner appealed to the court for the correction of errors; where it was subsequently affirmed. The receivers of the Utica Insurance Company, who were entitled to the balance reported due from the master, consented to have the alleged errors corrected, if the petitioner would consent to correct and offset against them, in part, certain errors in the master's report, which appeared to have occurred upon the other side of the account. This not being assented to by the petitioner, he made the application to the chancellor.

Upon the hearing of the petition, the counsel for the receivers insisted, that from the proceedings which had taken place, the chancellor had no power to correct the report in this manner. But in behalf of his clients he consented to have the errors corrected according to equity, provided the errors which had

occurred in the report, as against them, were also corrected by the chancellor.

*J. Lynch*, for the petitioner.

*D. Marvin*, for the receivers.

THE CHANCELLOR.   The objection that this court has no authority to correct the report of the master, without the consent of the parties who oppose the application, appears to be well taken.   Where a mere error in calculation has occurred, the court, upon further directions, may direct the report to be amended, although no exceptions have been filed ; and without sending it back to the master.   But where, as in this case, the report has been followed by an order or decree of the court, for the payment of the balance as found due by the master, the report cannot be amended while the order or decree founded upon such report remains in full force.   (*Turner* v. *Turner*, 1 *Wils. Ch. Rep.* 471 ; 1 *Swans. Rep.* 54, *S. C.*)   And after the order of the chancellor, confirming the report and directing the payment of the money, has been affirmed by the appellate tribunal, he is not authorized to set aside or alter that order, as erroneous.   The counsel for the receiver, however, consents that an order may be made for a deduction from the amount reported due, by the master, provided the errors on their side of the account are also corrected.

Those errors are in allowing to the petitioner counsel fees for an unsuccessful defence in the original suit, and upon an unnecessary appeal by him to the court for the correction of errors. That defence was not made by him in his character of receiver, but as one of the defendants in that suit merely.   Neither was the appeal made by him in his capacity of receiver.   And even if it had been, it would not have entitled him to charge the expenses of an unsuccessful appeal, upon a fund in his hands belonging to the respondents in such appeal.   He should not, therefore, in the passing of his accounts as receiver in the cause, have been allowed the $50 paid to Mr. Butler as his counsel in

the original cause, nor the $100 paid to Mr. Reynolds upon the argument of the appeal. These two sums, with interest on the first from December 31st, 1836, and on the last from the same day and month in the next year thereafter, down to the 20th of April, 1847, the date of the master's certificate annexed to the petition in this matter, must be deducted from the $274,80 mentioned in that certificate. And the balance, with interest thereon from the last mentioned date, must be allowed to the petitioner; towards the principal and interest still due from him, under the order of the 15th of April, 1845.

The receivers offered to have the errors corrected, upon equitable principles, before this application was made. The petitioner must therefore pay to them, or their solicitor, the taxable costs of opposing this application.