WILLIAM A. RICHARDSON, Judge of Probate, *vs.* HORACE L. HAZELTON.

If the decree of a judge of probate, under the Gen. Sts. *c.* 101, § 22, granting leave to bring an action on an administrator's bond, bears date prior to the time of bringing the action, evidence is not admissible at the trial to show that the decree, although actually made at the date stated, was not reduced to writing till after action brought.

GRAY, J. This is an action brought in this court upon an administrator's bond to the judge of probate. At the trial, the plaintiff produced a decree of the probate court in writing, granting leave to bring the action; signed by the judge of probate, and bearing date before the date of the writ. The defendant offered to prove that this decree, although actually made at the date stated therein, was in fact not reduced to writing and signed by the judge until after the commencement of this action. But it was ruled, and in the opinion of the full court rightly that this evidence was incompetent.

It was held in *Fay* v. *Rogers*, 2 Gray, 175, that such a decree must be made in writing, and proved in the same manner as other decrees. The written decree, signed by the judge, is the only appropriate evidence of his adjudication, and of the date at which it was made; and, like any judgment of a court of record, cannot be contradicted by oral testimony. The objection of the defendant is purely technical, and it is difficult to see how he can have sustained any substantial injury; for he was not entitled to notice of the application for leave to bring an action upon his bond, and could not, it would seem, have appealed from the decree granting such leave. *Richardson* v *Oakman*, 15 Gray, 57.

The probate court has an extensive authority to correct mistakes and defects in its own records and decrees, except in cases, like the revocation of an order making an allowance to a widow, in which it would be inconsistent with the very object of the decree to permit it. *Waters* v. *Stickney*, 12 Allen, 1. *Pettee* v. *Wilmarth*, 5 Allen, 144. If the defendant in this case can avoid the effect of this decree in any form, (upon which we express

no opinion,) it is by application to the judge of probate to amend the record. As that record stands, it is conclusive evidence of the authority to bring this action.

*Judgment for the plaintiff.*

*J. P. Converse*, for the defendant.

*W. S. Stearns*, for the plaintiff.