EDMUND H. BENNETT, Judge of Probate, *vs.* ALICE S. WOODMAN & another.

Bristol. Oct. 27, 1874. — Jan. 9, 1875. COLT & AMES, JJ., absent.

In an action on an administrator's bond, for not accounting, the administrator is not entitled to contest the validity of the order of the Probate Court authorizing it.

It is no defence to an action upon a probate bond, brought in the name of the judge of probate for breach of its conditions in not accounting, that the person upon whose representation the action was brought will receive no benefit from a recovery upon the bond.

The fact that one, who has been duly appointed an administrator, is the executor and sole legatee of the estate under a will afterwards discovered, does not relieve him of the duty of making a proper settlement of his account as administrator ; and is no defence to an action on his bond for not accounting.

CONTRACT, on the probate bond of the administratrix of Brownell W. Woodman. The breach alleged was failure to account. The answer admitted the execution of the bond and

denied any breach, and set up that the action was begun and instituted at the suggestion and for the benefit of Cornelia M. Remington, an adopted daughter of the intestate and the first named defendant; that after the taking out of administration upon the estate of Brownell W. Woodman by Alice S. Woodman, and the execution and approval of the bond declared on, the said Alice discovered a will of said Brownell W. Woodman, which will was afterwards duly proved, approved and allowed by the Probate Court for the county of Bristol; that by the terms of said will all the personal estate of Brownell W. Woodman was given to the said Alice S., and that Brownell W. Woodman, at the time of his decease, left no real estate; that Cornelia M. Remington was adopted by Brownell W. and Alice S. Woodman after the execution of said will by Brownell W. Woodman; that Brownell W. died in 1859, not intending to make any provision in his will for Cornelia M. Remington; and that Cornelia M. has no such interest in and to the estate of Brownell W. Woodman as to entitle her to cause said bond to be put in suit, or to maintain an action thereon.

At the trial in this court, before *Devens*, J., the defendants admitted that no account had been rendered, and offered evidence in support of the allegations in their answer. The judge ruled that the evidence was inadmissible; a verdict was rendered for the plaintiff; and the case was reported for the consideration of the full court.

*J. M. Morton, Jr.*, for the defendants.

*E. Williams & T. M. Stetson*, for the plaintiff.

WELLS, J. The administratrix has no such interest in the matter of granting leave to bring an action upon her bond, as to give her a right to resist the application therefor, or to be heard upon it. *Fay* v. *Rogers*, 2 Gray, 175. *Richardson* v. *Oakman*, 15 Gray, 57. We think it must follow from the same considerations, that, when a suit has been brought upon the bond, the administratrix and her sureties are not entitled to contest the validity of the order of the Probate Court authorizing it. When the suit is brought for the especial use and benefit of any one, the interest or right of that person must be established in order to maintain the action, because it is necessarily involved in the breach assigned. But in an action for the general benefit of the

estate, as for not accounting, the obligees in the bond ought not
to defeat all recovery upon it by showing merely that the person
upon whose representation it was allowed to be put in suit will
in fact fail to receive any benefit from such recovery.    Although
the writ is indorsed by the person " at whose request the action
is brought," (Gen. Sts. *c.* 101, § 25,) and, in case of failure to
maintain it, the execution for costs issues against him, and not
against the judge, yet he is not otherwise the party whose rights
are represented in the suit, or to be investigated for its determi-
nation.    The object of the suit is to secure the rights and protect
the interests, not merely of the person instigating it, but of all
parties having claims to or upon the estate.    The judge of the
Probate Court, and not the indorser of the writ, represents the
rights upon which the action is to be maintained, if at all.    *Rich-
ardson* v. *Oakman, supra.    Jones, appellant,* 8 Pick. 121.    *Rob-
bins* v. *Hayward,* 16 Mass. 524.    *Loring* v. *Kendall,* 1 Gray,
305, 313.

It is contended that the evidence offered would have shown
that there was no one who had any interest in the estate except
the administratrix herself, as sole legatee under the will discov-
ered subsequently to her appointment ; and therefore that the
suit ought not to be maintained against her ; or at most that
judgment should be for nominal damages only.

But the suit is for not accounting as administratrix.    It may
be that the avails of any execution that may be awarded would
be paid over to herself as executrix ; or, if it shall appear upon
the hearing in chancery that she has already charged herself, in
her account as executrix, with the full value of the assets, that
execution for nominal damages only will be awarded.    The only
proper settlement of her account, for the satisfaction of her bond
as administratrix, and the discharge of her sureties, must be such
as to make her chargeable as executrix for whatever estate has
at any time come into her hands, and has not already been other-
wise legally appropriated.    *Newcomb* v. *Williams,* 9 Met. 525,
534.    As administratrix, she cannot make any legal appropria-
tion of the estate in execution of the provisions contained in
the will.    She cannot therefore justify any appropriation of the
estate to her own use on that ground.    The disposition of the es-
tate under the will pertains to another form of administration.

What rights may be established under that form, and to what extent, we have no occasion in this action to consider. There having been a breach of the conditions of the bond, judgment must be entered for the amount of the penalty; and, upon a hearing in equity, execution will be awarded generally for the full value of all the estate that has come to the hands of the administratrix for which she shall not satisfactorily account.

*Judgment on the verdict.*