Barker, J.
This court is without power to grant the relief asked for by the defendants.
The court, at special term, cannot correct errors *380 committed by the referee on the trial, nor does the moving party ask that.
Unless the judgment entered on the report of the referee is opened and set aside, the defendants cannot-be relieved from the predicament in which they conceive themselves to be, arising out of their own mistake and misapprehension.
The judgment was entered, of which the defendant had due notice more than one year prior to making this motion. The application is, therefore, out of time. Had the motion been timely in all respects, then doubtless the court could have given relief upon the grounds stated, if upon examination they appeared to be based upon merits (Code Civ. Pro. § 724).
The prior sections (721, 722, 723) contain provisions 7 for sustaining verdicts, judgments and proceedings in.;, the face of mistakes, omissions, defects and irregulari-", ties, and for correcting and supplying the same.
The right -to relieve the moving parties must be found in the. provisions of section 724, and the time within which the aggrieved party must move is one year.
As was stated by the court on the argument, the moving party having appealed from the judgment and pressed the same to a decision before making this motion, he is now precluded from urging before this tribunal that the judgment ought to be set aside, with a view of relieving them from a mistake, inadvertence, surprise or excusable neglect. If either of these things did occur in fact, they must be deemed as waived.
I think it is without precedent in this stage of the proceedings to relieve the parties in the manner sought.
If the motion had been made within one year after notice of the entry of judgment, I am satisfied that this court could not, with propriety, set aside the. judgment after it was affirmed at general term on the *381 appeal of the moving party (Utica Ins. Co. v. Lynch, 2 Barb. Ch. 573 ; Lyon v. Merritt, 6 Paige, 473 ; Geston v. Codwise, 1 Johns. Ch. 189).
These cases are cited from among many that bear on the question as indicating the reasons and propriety of the rule.
The motion is denied with $10 costs. Let order be entered accordingly.