### IRA CLEVELAND *vs.* BRIDGET QUILTY.

Norfolk. Jan. 30. — June 24, 1880. MORTON & SOULE, JJ., absent.

If an appeal from a decree of the Probate Court, appointing a person adminis-trator of an estate, upon his petition alleging that he was next of kin, fails be-cause the appellant does not prove that he is a party entitled to appeal, and is dismissed upon that ground only, the decree stands as if not appealed from; and it is within the power of the Probate Court, upon the petition of a public administrator, to revoke and annul that decree.

APPEAL from a decree of the Probate Court. Hearing before *Morton*, J., who reported for the determination of the full court the following case:

On December 13, 1876, Bridget Quilty was appointed by decree of the Probate Court administratrix of the estate of Mary Gerold, upon her petition stating that she was next of kin. John Long, claiming to be a creditor of the deceased, appealed from that decree, and at the hearing in this court failed to prove that he was such creditor, whereupon, and upon that ground only, his appeal was dismissed, and the decree af-firmed.

On February 6, 1878, Ira Cleveland, as public administrator, presented a petition to the Probate Court, setting forth that the deceased left no heirs in this Commonwealth, that Bridget Quilty was not next of kin, and that he had no knowledge of these facts until after the time within which an appeal could have been taken from the decree appointing her administratrix,

and praying that that decree might be revoked and annulled, and he be appointed in her stead. The Probate Court granted the prayer of this petition; and she appealed to this court, for the following reasons: 1st. Because the petitioner had not complied with the provisions of the Gen. Sts. c. 117, § 11, and other provisions of law. 2d. Because the former decree had been affirmed by the Supreme Court of Probate, on the appeal taken by John Long.

If the Probate Court had no power to pass the decree now appealed from, it was to be reversed; otherwise, the case was to stand for hearing.

*A. French*, for the appellee.

*N. C. Berry*, for the appellant.

GRAY, C. J. If an appeal from the original decree of the Probate Court, which appointed the present appellant administratrix, had been duly taken by a person entitled to appeal, the appeal would have vacated that decree; and if, upon such an appeal, the decree had been affirmed by this court, the final decree in the cause would have been the decree of this court as the Supreme Court of Probate, transmitted to the court below only to be carried into effect; and it would be doubtful, to say the least, whether it could have been revoked and annulled by the inferior court of probate, unless leave to apply to that court for the purpose had been reserved in the decree of this court. *Southard* v. *Russell*, 16 How. 547, 570, 571. *United States* v. *Knight*, 1 Black, 488, 489. *Durant* v. *Essex Co.* 101 U. S. 555. *Baylies* v. *Davis*, 1 Pick. 206. *Clayton* v. *Wardell*, 2 Bradf. 1. *Stafford* v. *Bryan*, 2 Paige, 45. *Lyon* v. *Merritt*, 6 Paige, 473. *Utica Ins. Co.* v. *Lynch*, 2 Barb. Ch. 573. *Jewett* v. *Dringer*, 4 Stew. (N. J.) 586. *Ryerson* v. *Eldred*, 18 Mich. 490. *Singleton* v. *Singleton*, 8 B. Mon. 340. *Bush* v. *Madeira*, 14 B. Mon. 212. *Shedden* v. *Patrick*, 1 Macq. 535.

But as it appears by the report that the person who undertook to appeal from the original decree did not prove that he was a person entitled to appeal, and for that reason only failed in his appeal, the decree of this court in legal effect merely dismissed that appeal, without passing upon the merits of the cause, and the decree below stood as if not appealed from. Gen. Sts. c. 117, §§ 15, 16. *Penniman* v. *French*, 2 Mass. 140. *Down-*

*ing* v. *Porter*, 9 Mass. 386.  *Palmer* v. *Stebbins*, 4 Pick. 41 note. *Swan* v. *Picquet*, 3 Pick. 443.  *Campbell* v. *Howard*, 5 Mass. 376. *Commonwealth* v. *Richards*, 17 Pick. 295, 298.  *Commonwealth* v. *Dunham*, 22 Pick. 11, 17.

It was therefore within the power of the Probate Court, upon the application of the person in law entitled to administration, and who had no notice of the original petition, to revoke and annul its former decree, upon allegation and proof that the person thereby appointed administratrix was not the next of kin. 1 Williams on Executors (7th ed.) 579.  *Waters* v. *Stickney*, 12 Allen, 1, 6.  *Richardson* v. *Hazelton*, 101 Mass. 108.  *Carter* v. *Cutting*, 8 Cranch, 251.  Gen. Sts. *c.* 94, § 5; *c.* 95, § 4.  The limitation of one year, imposed by the Gen. Sts. *c.* 117, §§ 11, 12, upon a petition to this court for leave to appeal, does not apply to petitions to the Probate Court to revise its own decrees for mistake or fraud.

According to the terms of the report, this appeal from the decree of the Probate Court, revoking and annulling the original decree, and committing the administration to the public administrator, must therefore					*Stand for hearing.*