JOHN A. PUTNEY *vs.* SAMUEL A. FLETCHER.

Essex.   Nov. 6, 1885. — Jan. 11, 1886.   FIELD & DEVENS, JJ., absent.

No appeal lies from a decree of the Probate Court appointing commissioners to re-
ceive and examine the claims of creditors against the estate of a deceased per-
son, which has been represented insolvent by the administrator, although the
decree is made without notice to the creditors.

APPEAL from a decree of the Probate Court, appointing com-
missioners to receive and examine the claims of creditors against
the estate of Sally Fletcher, deceased, which had been repre-
sented insolvent by the administrator.

At the hearing, before *W. Allen*, J., it appeared that the
Probate Court, without notice, made the decree appealed
from.

The appellee contended that the appellant could not question
the regularity of the proceedings in the Probate Court; and
that this court could not hear testimony upon the question
whether the estate was in fact insolvent, as represented by the
administrator.   The appellant offered to show that the estate
was not in fact insolvent; and that he was a judgment creditor,
who had obtained a judgment against the estate, after verdict,
but whose right to an execution had been interrupted by the
proceeding in question.

The judge declined to hear any testimony to contradict the
representation of insolvency, or to reconsider the finding of the
Probate Court thereon; and the appellant alleged exceptions.

*S. H. Phillips*, for the appellant.

*G. B. Ives*, for the appellee.

C. ALLEN, J.   No appeal lies from the appointment by the
Probate Court of commissioners to receive and examine the
claims of creditors against the estate of a deceased person which
has been represented insolvent by the administrator.   No person
can be said to be aggrieved by such action.   It is merely a mode
of ascertaining the amount of the debts due from the estate.
The validity of any creditor's claim is in no wise affected.
*Greenwood* v. *McGilvray*, 120 Mass. 516, 519.   If, indeed, the
judge refuses to act upon the representation of insolvency, an

appeal may be taken by the administrator.  *Bucknam* v. *Phelps*, 6 Mass. 448.  So where the judge refuses leave to bring an action upon a probate bond, an appeal lies; though not where he grants such leave.  *Bennett* v. *Woodman*, 116 Mass. 518.  *Richardson* v. *Hazelton*, 101 Mass. 108.  *Richardson* v. *Oakman*, 15 Gray, 57.  *Jones, appellant*, 8 Pick. 121.  When an administrator represents an estate insolvent, the Pub. Sts. *c.* 137, §§ 2, 4, contemplate action by the judge of probate, in the first instance, upon this representation alone, without notice to creditors or any other parties; and, if it appears from such representation that the estate will probably be insolvent, the court is to proceed to ascertain the fact, either by the appointment of commissioners to receive and examine the claims, or by itself receiving and examining them.  This is all done with a view to speed the proper settlement of the estate, and no creditor is aggrieved thereby, within the meaning of the Pub. Sts. *c.* 156, § 6, giving a general right of appeal to persons aggrieved.          *Appeal dismissed.*