WILLIAM E. FULLER, Judge of Probate, *vs.* DAVID B.
CUSHMAN, administrator, & others.

Bristol.    October 25, 1897. — February 24, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Administrator's Bond — Action — Account — Statute of Limitations.*

Where, in an action on an administrator's bond for not accounting, the effect of
the proceedings was a requirement by the Probate Court, within the meaning
of the terms of the bond, that the administrator should file an account, its finding
that he neglected so to do must be regarded as conclusive; and the fact that no
decree requiring an account to be filed had been entered from which the admin-
istrator or the sureties could appeal is immaterial.

Even if it is assumed that an action for the breach arising from the failure on the
part of an administrator to render an account within one year has been barred
by the statute of limitations, his neglect to render an account when thereto cited
by the Probate Court constitutes an independent breach, which has not been
barred even if it occurred more than twenty years after the date of the bond.

CONTRACT, against David B. Cushman, administrator of the
estate of Sally M. Presbrey, and Jacob B. Phillips and Hiram
O. Benton, sureties upon a probate bond given by said Cushman
as such administrator. Hearing before *Field*, C. J., who re-
ported the case for the consideration of the full court.

If, on the facts agreed and found, the action could not be
maintained, judgment was to be entered for the defendants. If
on the facts found the action could be maintained, but only for
nominal damages, even if on accounting a substantial sum should
be found due from the defendant Cushman, then judgment was
to be entered against the defendants for the penal sum of the
bond, and execution was to issue against the defendants for one
dollar damages. If substantial damages could be recovered, if
it should be found on accounting that Cushman had not paid to
the persons entitled all that he ought to have paid, then judg-
ment was to be entered for the penal sum of the bond, and the
case was to be sent to an assessor to hear the parties and report
for what amount execution should issue. The facts appear in
the opinion.

*J. H. Dean*, for the defendants.

*E. H. Bennett & F. S. Hall*, for the plaintiff.

MORTON, J. This is an action upon a probate bond. Several breaches are alleged in the declaration, but the only one which is relied on is the failure of the administrator to render an account. It is agreed that he never has rendered one. The defences are that the estate was settled more than twenty-five years ago, that it does not appear that within twenty years of the date of the petition for leave to sue the bond there was any recognition on the part of the administrator of his liability as such, that the action is barred by the statute of limitations, and that there was no decree of the Probate Court requiring the administrator to render an account.

There was a petition to the Probate Court asking that the administrator be cited to settle his accounts, and that the petitioner be authorized to bring an action on the bond. A citation issued to the administrator and sureties stating that a petition had been presented praying that the administrator be cited to settle his accounts and for leave to bring suit on the bond, and summoning them to appear and show cause why the petition should not be granted. The administrator appeared and filed an answer, alleging, amongst other things, that he had fully settled the estate more than twenty-five years ago, and that his memoranda and accounts had all been lost, and that it was impossible for him to render an account. It does not appear that any effort was made by the administrator to render an account. The Probate Court found, as appears from the decree, " that said administrator has neglected and still neglects to render an account," and granted leave to bring this suit. It is plain that the administrator had an opportunity to render an account if he had desired to do so ; and we think that the effect of the proceedings was a requirement by the Probate Court, within the meaning of the terms of the administrator's bond, to render an account, and that the finding of the Probate Court must be regarded as conclusive on the question of his neglect to do so.

There is no provision that a decree shall be entered requiring an administrator to file an account before, in a case like the present, leave can be granted to bring suit on the bond. We think that it is enough, if it appears from the proceedings on file in the Probate Court that the administrator has been re-

quired to render an account, and has neglected to do so. We do not regard as material the fact that no decree requiring an account to be filed has been entered, from which the administrator or the sureties could have appealed. Leave to bring suit on an administrator's bond may be granted without notice to him or the sureties. *Richardson* v. *Oakman*, 15 Gray, 57. *Bennett* v. *Woodman*, 116 Mass. 518. Such an action on the part of the Probate Court does not conclude the administrator or sureties in any particular in respect to their liability on the bond. If an account has been rendered, or anything else has occurred which has released the administrator from liability, that may be shown in defence in a suit on the bond. *Richardson* v. *Oakman, ubi supra.*

The relation between the administrator and the son of the intestate, for whose benefit this suit has been brought, was that of trustee and *cestui que trust*. The administrator received the estate upon a direct trust, arising by operation of law, to account for and pay it over to those who were entitled to it, or who should become entitled to it. It is well settled that the statute of limitations does not operate as a bar in such a case. *Farnam* v. *Brooks*, 9 Pick. 212, 242. *Kent* v. *Dunham*, 106 Mass. 586, 591. *Harlow* v. *Dehon*, 111 Mass. 195, 198. Lewin, Trusts, (8th ed.) 863. Perry, Trusts, §§ 863, 864.

Length of time and neglect on the part of the *cestui que trust* furnish a presumption that the administrator has paid over to and distributed amongst those entitled to them the funds and property in his hands. But it is only a presumption, which is liable to be controlled by other evidence. See *Ayres* v. *Waite*, 10 Cush. 72, 76. If we assume that an action for the breach arising from the failure on the part of the administrator to render an account within one year has been barred by the statute of limitations, it is plain that his neglect to render an account, when thereto cited by the Probate Court, constitutes an independent breach, which has not been barred even if it occurred more than twenty years after the date of the bond. *Prescott* v. *Read*, 8 Cush. 365.

It is not improbable from the facts in the report that in equity and justice there is nothing due from the administrator to the son. But the Chief Justice, who heard the case, states in the

report that he declined to hear in detail the question whether in fact the administrator had paid over to the son all that was due him from the estate; and held that, if the action could be maintained, and execution could issue for more than nominal damages, the case should be sent to an assessor to determine the amount for which execution should issue.   There is no finding that there is nothing due from the administrator to the son, and, in view of the contradictory testimony contained in the report, we do not see how it can be said, as matter of law, that execution should issue for only nominal damages.

The result is that we think that judgment must be entered for the penal sum of the bond, and the case be sent to a master, to hear the parties and report for what sum execution shall. issue, if any.                                    *So ordered.*