CHARLES J. McINTIRE *vs.* CHARLES LINEHAN & another.

Middlesex.   January 16, 1901. — March 2, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

A probate bond in the ordinary form filed in the registry of probate, satisfactory to the beneficiaries and accepted orally by the judge of probate but never approved by him in writing as required by Pub. Sts. c. 143, § 2, is valid at common law, and the sureties are liable upon it in a suit brought in the name of the judge of probate.   Whether such bond is invalid as a statutory bond, *quære.*

Where, in a probate bond in the ordinary form, the principal is described as trustee under a certain will for two beneficiaries named, whereas in fact there are also other beneficiaries not mentioned, this omission will be regarded as a mistake, the plain intention being that the bond should be security for all persons beneficially entitled.

The granting by a judge of probate of a petition for leave to bring suit in his name against the sureties on a trustee's bond, settles nothing but the leave to sue and cannot affect any question of liability upon the bond.

A surety on a trustee's bond is liable for any default on the part of the trustee in not accounting for assets received before as well as after the execution of the bond.

CONTRACT upon an alleged probate bond signed by Linus M. Child as principal and the defendants Charles Linehan and H. Burr Crandall as sureties.   Writ dated April 18, 1900.

At the trial in the Superior Court, before *Gaskill*, J., it appeared that the order of the judge of the Probate Court authorizing the suit to be brought in his name was as follows:

" On the petition of George A. Blaney of Newton in the County of Middlesex, and others, as trustee and beneficiaries under the will of Sarah Baxter, late of said Newton, deceased, praying that they may be authorized to bring an action upon a certain probate bond, therein described, dated the first day of January, in the year of our Lord one thousand eight hundred and ninety-five, alleged to have been given for the faithful discharge of his trust by Linus M. Child, a trustee under the said will, as principal, and Charles Linehan and H. Burr Crandall as sureties, in the sum of forty thousand dollars.

" All persons interested in the matter appearing in court in person and by counsel, and objection being made and a hearing given thereon, it appearing that by a previous decree of this

court on December 11, 1894, the said Linus M. Child was ordered to file a new bond, as trustee under said will, with sufficient sureties, in the sum of fifty thousand dollars, on or before the twenty-sixth day of December, 1894 ; that said Child failed to obey said previous decree, but that sometime afterward, probably during the month of January, 1895, he caused to be left in the office of the register of probate and placed among the papers in the case of said Sarah Baxter on file in this court, where it has ever since remained, a bond in the sum of forty thousand dollars, which bond is described in the petitioner's petition, but it does not appear to have been filed nor does it appear to have been presented to either judge of this court for examination and approval ;

"Now, therefore, in order that the beneficiaries of said trust may have opportunity to try, among other questions, the question of the validity of said bond, it is decreed, that said petitioners be, and they are hereby authorized to bring suit on said bond in the Superior Court for this county, in the name of the first judge of this court, for the recovery of any damage suffered by said petitioners through any infraction of its condition."

The bond sued upon was in the ordinary form of a probate bond the clause in regard to the filing of an inventory being stricken out.  The principal, Linus M. Child, was described therein as " trustee of certain estate given in trust for the benefit of D. Baxter Merriam and Miriam S. Shattuck under the will of Sarah Baxter late of Newton."  There were other beneficiaries besides the two named, but the others were not mentioned in the bond.  The facts which appeared at the hearing and the findings warranted by them are stated in the opinion of the court.

The defendants in various forms requested the judge to rule that the action could not be maintained, and also requested him to rule that execution should issue for only such sums as were found due for breaches occurring subsequently to the delivery of the bond and not for the amounts found due by the decree of the Probate Court, which included an accounting for all assets received by the trustee before as well as after the date of the bond.

The judge refused so to rule, and ruled that the action could

be maintained, and found that execution should issue for the sum of $2,302.40, being the amount named in the decree of the Probate Court with interest to the date of the finding, and the defendants excepted.

At the defendants' request, the judge reported the case for the consideration of this court. If upon all the evidence the plaintiff was entitled to recover, judgment was to be entered on the finding, or upon such modification thereof as to this court might seem proper; otherwise judgment was to be entered for the defendants. The questions of law raised by the report are stated in the opinion of the court.

*S. L. Whipple & M. R. Sears*, for the defendants.

*G. A. Blaney*, for the plaintiff.

MORTON, J. This is an action against the sureties upon a bond given by the late Linus M. Child, Esq., as trustee under the will of one Sarah Baxter to the plaintiff.

The defences are, 1st, that the bond did not take effect as a probate bond for want of the written approval thereon of the judge of probate as required by Pub. Sts. c. 143, § 2; 2d, that it is not binding as a common law bond because it was intended as a probate bond and because it was not accepted by the obligee; 3d, that the beneficiaries named in it are D. Baxter Merriam and Miriam S. Shattuck and it is effective only to the extent to which they are interested in the estate; and 4th, that the assessment of damages is wrong.

Exceptions were taken to the admission of certain evidence but they have not been argued and we therefore treat them as waived.

There were also demurrers which were overruled, and requests which were refused. But the defences as stated above include, we think, all the matters on which the defendants rely.

We do not deem it necessary to consider whether the bond is a good probate bond since we are of opinion that if it is not it is a good bond at common law. It appears that Mr. Child was appointed trustee under the will of said Sarah Baxter in December, 1870, and duly gave bond. Both sureties died and upon a petition by the beneficiaries, the Probate Court in December, 1894, ordered Mr. Child to give a new bond in the sum of $50,000. After the entry of this decree Mr. Child, in accord-

ance with a suggestion from the court, communicated with counsel for the petitioner, and it could have been found, we think, by the presiding judge that as a result of such communication and shortly after the proceedings the bond in suit was prepared by Mr. Child and filed by him in the Registry of Probate as and for a compliance with the decree. It could also have been found, we think, that this bond was satisfactory to the beneficiaries and was accepted by the obligee. It was indorsed and put with the papers in the case when left by Mr. Child. It was seen there a few weeks after by the counsel for the beneficiaries. There is no evidence that any other bond was ever prepared or offered by Mr. Child as the bond required by the decree. He continued to act thenceforward as trustee without objection from any of the parties interested. It was at the suggestion of the court that Mr. Child communicated with counsel for the beneficiaries in regard to filing a bond in a less sum than that required by the decree. And there was evidence that counsel for the beneficiaries told the court that although the decree required a bond for $50,000 they would be satisfied with a bond for $40,000. These various considerations and the evidence thus referred to were amply sufficient to justify a finding that the bond was furnished by Mr. Child as and for the bond required by the decree and was accepted by the obligee and was satisfactory to the beneficiaries. We assume without deciding that for want of the written approval of the judge of probate the bond is invalid as a statutory bond. But we think that it is valid at common law. *Farr* v. *Rouillard*, 172 Mass. 303, 304, 305, and cases cited. There is nothing contrary to law in its provisions. It was voluntarily given upon a sufficient consideration to secure the performance of his official duties by the trustee in accordance with the decree of the court and the statute in such cases made and provided. There is no reason why effect should not be given to it by holding it good at common law. Notwithstanding only two of the beneficiaries are named in it, it is plain that the bond was intended as a security for all beneficially entitled and we see no difficulty in so regarding it. *Farr* v. *Rouillard, ubi supra.*

The defendants contend that the question whether the bond was accepted by the obligee is concluded by the finding of the

Probate Court at the hearing on the petition for leave to sue, that the bond did not appear to have been presented to either judge of that court for his examination or approval. But the judgment on that petition settled nothing except that the petitioner might bring suit on the bond. *Fuller* v. *Cushman*, 170 Mass. 286. *Richardson* v. *Oakman*, 15 Gray, 57.

In regard to the assessment of damages the defendants contend that there is no evidence to show that certain items and investments for which the trustee was held accountable were received or made by him after the execution of the bond in suit. But it is settled that sureties are liable for any default on the part of their principal in not accounting for amounts received before as well as after the execution of the bond signed by them. *Choate* v. *Arrington*, 116 Mass. 552. *Dawes* v. *Edes*, 13 Mass. 177.

*Judgment on the finding. Execution to issue as ordered.*