WALTER E. SMITH, Plaintiff, *v.* ALEXANDER ADLERMAN, as Receiver, etc., Appellant.

JOSEPH L. FRIEDER, Respondent.

(Supreme Court, Appellate Term, First Department, November, 1918.)

Fees — receivers — when counsel fees not allowed — Code of Civil Procedure, § 3320.

Where the effect of an order granted, in a suit by a receiver, directing him to pay certain costs, is to leave no funds wherewith to pay his commissions, the order will be reversed and the application to pass his account will be remitted with direction to fix his compensation under section 3320 of the Code of Civil Procedure and to fix an allowance for counsel fees including services of the respondent upon the appeal from said order, but excluding services rendered upon the receiver's appeal, taken without leave of the court, and in connection with motions for leave to appeal to the Appellate Division.

Such allowances should first be paid from the fund in the receiver's hands and such amount as remains should be paid to the respondent.

APPEAL by receiver from an order of the City Court of the city of New York, directing payment in full of costs awarded in favor of respondent in a suit brought by receiver, thereby exhausting the funds in his

hands without leaving any moneys to pay receiver's compensation.

Gallert & Heilborn (Walter S. Heilborn, of counsel), for appellant.

Joseph L. Frieder, respondent in person.

*Per Curiam.* The receiver's commissions are part of the expense of administration, and are entitled to priority. Counsel fees, when allowable, are also part of the expenses of administration, but they should not be allowed for services in prosecuting an unsuccessful appeal, where, as here, the receiver did not obtain leave of the court to appeal. *Utica Ins. Co.* v. *Lynch,* 2 Barb. Ch. 573. The order must be reversed, and the application to pass the receiver's account remitted to the court below for the purpose of fixing the compensation allowable to receiver under section 3320 of the Code of Civil Procedure, and the allowance for counsel fees, including services upon the appeal of Frieder, but excluding services rendered upon the receiver's appeal and in connection with the motions for leave to appeal to the Appellate Division. The sums so allowed should first be paid from the fund in the receiver's hands, and such amount as remains should be paid to Frieder.

Order reversed, with ten dollars costs and disbursements, and matter remitted to the court below for disposition in accordance herewith.

Present:   GUY, WEEKS and MULLAN, JJ.

Order reversed, with costs.