ADELBERT L. MILES, Judge of Probate,

*vs.*

TYLER M. COOMBS, Administrator et als.

Knox.    Opinion November 7, 1921.

*It is the general rule that, when suit is brought for the special use of any one, the interest of that person must be established to maintain the action, because it is involved in the breach assigned.*

A man made a will creating a trust.  The will was admitted to probate.  The trustee whom the testator nominated qualified.  When that trustee had died another was appointed in succession; the latter too now is dead.  Conceiving it to be his duty to straighten up and carry out the trust, the sole surviving executor of the will initiated steps leading to the present action on the bond of the trustee latest to die.

An insuperable difficulty with this action is that the real and actual plaintiff has no greater interest in it than a stranger.  Executors execute wills; trustees control and manage trusts.  It is the general rule that, when suit is brought for the especial use of any one, the interest of that person must be established to maintain the action, because it is involved in the breach assigned.  An interest on the part of this executor plaintiff is not shown.  That the executor is personally a beneficiary of the trust is at this time inconsequental, for he is not now so suing.

Looking toward finality of litigation, and that with becoming promptitude, the court suggests to the defendant administrator, that he prepare as best he can from available data, an account of his intestate's doings as trustee, and that he file and settle such account in the Probate Court.  To the plaintiff is suggested

the seeming practical advisability, in probable economy of both time and expense, of the appointment of still another trustee, to exercise a trustee's rights, and to discharge the trust conformably to its terms.

On report. An action of debt brought in the name of the Judge of Probate of the County of Knox against Tyler M. Coombs, administrator of the estate of Edward B. Carleton, as principal, and Cora C. Cushing and Nettie P. Levensaler, as sureties in the trustee bond, given by said Edward D. Carleton, June 18, 1912, as trustee under the provisions of the will of J. O. Cushing, late of Thomaston in County of Knox, deceased. The case was reported to the Law Court, by agreement of the parties, upon an agreed statement of facts, for such decision as the law and the facts require. Plaintiff non-suit.

Case stated in the opinion.

*Edward K. Gould,* for plaintiff.

*Rodney I. Thompson,* for Nettie P. Levensaler and Cora C. Cushing.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

DUNN, J. J. O. Cushing made a will. It was admitted to probate. By that will he created a trust, the income payable to his son Edwin for life, and afterward to Edwin's widow during her survivorship; "then to said Edwin O. Cushing's children, if he has any, and if no children, then to my legal heirs." Of the trust, Charles H. Cushing, another son of the testator, originally was trustee. When Charles died, one Edward D. Carleton succeeded, by the intervention of a court acting independently of testamentary nomination, to uphold the trust. The beneficiary, Edwin, died childless. Edwin's widow is dead. Mr. Carleton has died.

From the statement on which this case is submitted, it appears that the executors of the Cushing will never proceeded of judicial record in the settlement of their decedent's estate, beyond returning an inventory to the Knox Probate Court. That court has no record concerning Charles Cushing as trustee, excepting, as the arguments of counsel indicate, with regard to his confirmation in the trust. Trustee Carleton's Probate Court record, so far as he himself procured its making, stops with the filing and approval of a bond for his fidelity.

In this situation the sole surviving executor of the will, conceiving it to be his duty to straighten up and carry out the trust, has taken steps which have led to where he now is, developing on the way the fact that Carleton, upon assuming the fiduciary relationship, received from a Thomaston bank the transfer of a credit balance of $3,305.59, all which he withdrew, save six or seven dollars. Whether the withdrawals were rightful or wrongful, or what disposition was made thereof, is not authoritatively shown.

An insuperable difficulty with the present action, brought in the name of the Judge of Probate against the administrator of the Carleton estate and the sureties on Mr. Carleton's bond as trustee, is that the real and actual plaintiff has no greater interest in it than a stranger. This action is for the benefit of the executor of Mr. Cushing's will. The authorizing decree and the writ both so recite. It certainly is the general rule, that, when suit is brought for the especial use of any one, the interest of that person must be established to maintain the action, because it is involved in the breach assigned. *Bennett* v. *Woodman*, 116 Mass., 518. An interest on the part of this executor plaintiff is not shown. The trust, an enforcement of which is sought, attached when the executors paid over the money to the first trustee. They ought to have made a report to the court. But, though the executors were delinquent, the right of a beneficiary of the trust was not in consequence extinguished, nor was the care, diligence and responsibility required of the trustee, whether the first or a succeeding one, to preserve and protect the property and to carry out the trust, thereby lessened. It is for an executor to execute a will, and for a trustee to control and manage a trust. If a valid trust be created, it may fail for want of a beneficiary (*Brooks* v. *Belfast*, 90 Maine, 318), but it shall not fail for want of a trustee. *Childs* v. *Waite*, 102 Maine, 451. A beneficiary may pursue and recover trust property improperly diverted, regardless of change in its form, providing its identity be established outside the hands of a bona fide purchaser for valuable consideration without notice. *Oliver* v. *Piatt*, 3 How., 333; 11 Law Ed., 622. Or, in election of remedy, the beneficiary may hold the trustee liable for the breach of the trust. *Oliver* v. *Piatt*, supra. In very deed, to render the beneficiary's rights even more broad or comprehensive, a statute provides that a bond given by a trustee may be put in suit, by order

of the supervisory court holding it, for the benefit of any person interested in the trust estate. R. S., Chap. 73, Sec. 12. The suing executor is said to be personally a beneficiary of the trust, but even so he is not acting the part of cestui and, whatever its power to regulate proceedings inherently of common law or equity inception, this court may not extend defined authority in actions purely statutory.

Looking toward finality of litigation, and that with becoming promptitude, the court suggests to the defendant administrator of Mr. Carleton's estate, that he prepare as best he can from available data, an account of his intestate's doings as trustee, and that he file and settle such account in the Probate Court. To the plaintiff is suggested the seeming practical advisability, in probable economy of both time and expense, of the appointment of a trustee, in succession to the trustee latest to die, to exercise a trustee's rights, and to discharge the trust conformably to its terms. So suggesting, the court decides that in the case in hand the entry must be,

*Plaintiff non-suit.*