FANNY AGOOS & others, executors, *vs.* COSMOPOLITAN TRUST
COMPANY & others.

Suffolk.   November 7, 1921. — March 8, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Probate Court,* Report, Appeal, Insolvent estate. *Executor and Administrator. Insolvent Estate of Deceased Person.*

A judge of probate, in making a report to this court of certain questions which arose at a hearing on a petition by an executor for the appointment of commissioners to hear claims against the estate of the testator, represented by the executor to be insolvent, stated: "On the representation and on the foregoing

facts it appears that said estate of the deceased will probably be insufficient for the payment of his debts." *Held,* that this must be interpreted to mean that the judge found that the estate was probably insolvent.

Sections 2, 4 of G. L. c. 198, are mandatory and, if a judge of probate, upon a representation by an executor has found the testator's estate to be insolvent, he has no discretion to dismiss a petition by the executor for the appointment of commissioners to hear claims nor to dismiss it without prejudice, but he must proceed either to appoint commissioners under § 2 or to hear claims himself under § 4.

The Probate Court, after adjudicating upon a representation of the insolvency of an estate of a deceased testator but without making any interlocutory order or decree upon a petition by the executor for the appointment of commissioners under G. L. c. 198, § 2, has no jurisdiction to report to this court for determination the questions, whether the pendency in that court of the representation, without further action for the time being by that court by the appointment of commissioners under § 2 or by the court proceeding itself to hear claims under § 4, is an absolute bar to the bringing by any creditor of a suit in equity in the Supreme Judicial Court to establish liability of the testator for his conduct as a director of a trust company, and whether, if such pendency is an absolute bar to the bringing of such a suit, the Probate Court has power on the above facts and in the exercise of its discretion to dismiss the representation of insolvency without prejudice.

PETITION, filed in the Probate Court for the county of Suffolk on September 21, 1921, by the executors of the will of Lassar Agoos, late of Boston, for the appointment of commissioners for the examination of claims against the estate, represented by the petitioners to be insolvent.

Cosmopolitan Trust Company, named in the representations as a creditor whose claim was disputed, appeared "in opposition to the issuing of a warrant or the appointment of commissioners."

The petition was heard by *Grant,* J. Material facts found by him are described in the opinion. He reported the matter to this court as follows:

"Being in doubt as to the following questions of law, I hereby report them to the Supreme Judicial Court for determination:

"1. Whether the pendency in this court of said representation, without further action for the time being by this court, by the appointment of commissioners under G. L. c. 198, § 2, or by proceeding under § 4 of said chapter, is an absolute bar to the bringing by any creditor of a suit in equity of the character above specified.

"2. If such pendency is an absolute bar to the bringing of such a suit, has the Probate Court power on the above facts and in the exercise of its discretion to dismiss the representation of insol-

vency without prejudice? If I have discretion on the facts reported, I am ready to dismiss the representation without prejudice."

*B. B. Jones,* (*Lee M. Friedman* with him,) for the executors.

*F. N. Nay,* (*G. L. Vaughan* with him,) for the Cosmopolitan Trust Company.

CROSBY, J. This is a representation of insolvency presented to the Probate Court by the executors of the will of one Lassor Agoos, who died on February 23, 1921. The executors were appointed on March 24, 1921. The case was presented to the Probate Court, but before any finding or order for the appointment of commissioners was made, there was objection by the Cosmopolitan Trust Company, one of the creditors, on the ground that it desired to join the said executors as defendants in a suit in equity against thirteen directors of the trust company, to hold them liable for a large sum alleged in that suit to have been lost to the trust company by the negligence and misconduct of the directors, of whom said Agoos was one during his life and liable as such. The probate judge in form has made a report to this court in which occurs this sentence: "On the representation and on the foregoing facts it appears that said estate of the deceased will probably be insufficient for the payment of his debts." We interpret this to mean that the judge found that the estate was probably insolvent. That being so, the duty of the Probate Court is plain.. It must either appoint commissioners under G. L. c. 198, § 2, or itself receive and examine claims of creditors presented under § 4 of the same chapter. The obligations imposed by §§ 2 and 4 are mandatory. No discretion is vested in the court to dismiss the representation or to dismiss it without prejudice when it has been found that the estate will probably be insufficient to pay the debts. That adjudication having been made, the court must proceed to act either under § 2 or § 4. No other course is open. *Putney* v. *Fletcher,* 140 Mass. 596. *Fuller* v. *Dupont,* 183 Mass. 596, 599.

It was said in *Putney* v. *Fletcher, supra,* at page 597: "When an administrator represents an estate insolvent, the Pub. Sts. c. 137, §§ 2, 4 [now G. L. c. 198, §§ 2, 4], contemplate action by the judge of probate, in the first instance, upon this representation alone, without notice to creditors or any other parties; and, if it appears from such representation that the estate will probably

be insolvent, the court is to proceed to ascertain the fact, either by the appointment of commissioners to receive and examine the claims, or by itself receiving and examining them."

The Probate Court, without making any interlocutory order or decree, attempted to report to this court certain questions of law to be answered. It was beyond the jurisdiction of the Probate Court to report such inquiries as to the law. Its authority in this respect is in G. L. c. 215, § 13. The first sentence of that section authorizes the report of a case or matter "heard for final determination" with the evidence and all questions of law and when this course is pursued the proceedings are like appeal. *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519. Manifestly the case at bar is not within the scope of that provision.

The second sentence of said § 13 authorizes the probate judge, "upon making an interlocutory decree or order," provided "he is of opinion that it so affects the merits of the controversy that the matter ought, before further proceedings, to be determined by the full court," to report the question for that purpose. Clearly the present case is not within the scope of this provision. No interlocutory order or decree has been entered. No decision has been made upon any matter.

The two questions propounded by express hypothesis both concern a matter of law not pending or susceptible of becoming in issue in the Probate Court, but in a suit in equity in this court. Moot, speculative or subsidiary questions of law or those not absolutely essential to the decision of the case cannot be reported to this court for determination. *Terry* v. *Brightman,* 129 Mass. 535. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 212 Mass. 257, and cases collected at page 259.

Since there was no jurisdiction in the Probate Court to do what here was attempted, entry must be

*Report dismissed.*