CHARLES E. HELLIER *vs.* AUGUSTUS P. LORING & others, executors.

Barnstable. March 24, 1922. — June 30, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Probate Court,* Jurisdiction, Extension of time for bringing action against estate of decedent.

It is within the power of the Probate Court, without notice to the executor of the will or to the administrator of the estate of a decedent and without giving him an opportunity to be heard, to make a decree under G. L. c. 197, § 9, extending the time within which actions may be brought against the estate.

The mere fact, that an appeal from a decree of the Probate Court was not entered in this court until nine months after it was filed in the Probate Court, does not require as a matter of law a ruling that the appeal was not entered in this court seasonably.

Where, at the same time that an appeal from a decree of the Probate Court is filed, the appellant files a petition for the revocation of the decree appealed from, a judge of that court properly may decline to hear the petition until a determination of the appeal, unless the petitioner shall waive the appeal.

PETITION, filed in the Probate Court for the county of Barnstable on May 10, 1921, that the petitioner "be allowed further time, not exceeding two years, for bringing actions against the estate of Robert M. Morse, late of Falmouth, as provided in G. L. c. 197, § 9."

On the date of the filing of the petition, by order of *Hopkins,* J., a decree *ex parte* was entered that the time in which actions may be brought against the estate of Robert M. Morse be extended to August 1, 1921. On May 26, 1921, the executors filed an appeal from the decree, and also a petition for its revocation. The petition for revocation was assigned for hearing and, at the time of the hearing before *Hopkins,* J., the petitioners declined

to waive their appeal and insisted that the court was obliged to hear the petition for revocation without awaiting the determination of the appeal which attacked the same subject matter. The judge made an order that the petition for revocation should be continued until such time as the appeal, which had been taken by the same petitioners from the decree which they sought to revoke, was finally disposed of, and from that order the executors appealed.

*E. F. McClennen,* (*W. E. Fuller* with him,) for the appellants.

*A. Berenson,* for the appellee.

RUGG, C.J. It is provided by G. L. c. 197, § 9, that "An executor or administrator, after having given due notice of his appointment, shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond for the performance of his trust, except as provided in this chapter. The Probate Court may allow creditors further time for bringing actions, not exceeding two years from the time of the giving of his official bond by such executor or administrator, provided that application for such further time be made before the expiration of one year from the time of the approval of said bond." Executors of the will of the testator qualified on May 18, 1920. A person alleging himself to be a creditor of the testator petitioned the Probate Court on May 10, 1921, for further time for bringing actions against the estate of the decedent. This petition was granted without notice to the executors and without giving them opportunity to be heard. The chief question is whether such action by the Probate Court is within its power under the statute.

There is no decision directly in point. No requirement is to be found in the statute that notice be given to the executor or administrator on a petition by a creditor for an extension of time within which to bring action. That is not decisive, however. Where the principles of natural justice demand that rights be not affected without an opportunity to be heard, then, notwithstanding the silence of the statute, courts will not proceed to an adjudication without notice and hearing. *Nazro* v. *Long,* 179 Mass. 451, 455, and cases collected. *Parker* v. *Lewis J. Bird Co.* 221 Mass. 422. It has been held that a guardian of an insane person cannot be appointed without notice even though the statute did not require it. *Chase* v. *Hathaway,* 14 Mass. 222. *Hathaway* v. *Clark,* 5 Pick. 490.

*Conkey* v. *Kingman,* 24 Pick. 115. On the other hand, no notice is necessary on a petition for leave to sue on a bond given under the statute to a judge of probate to secure the performance of his trust by a fiduciary, *Richardson* v. *Oakman,* 15 Gray, 57; *McIntire* v. *Linehan,* 178 Mass. 263, nor on a petition for the appointment of a temporary guardian, *Bumpus* v. *French,* 179 Mass. 131, nor for appointment of commissioners to receive and examine claims against the estate of a deceased person represented insolvent, *Putney* v. *Fletcher,* 140 Mass. 596. A creditor has no interest in the allowance of the will of his debtor, *Munroe* v. *Cooper,* 235 Mass. 33; an administrator who has been removed has no interest in the appointment of his successor, *Hayden* v. *Keown,* 232 Mass. 259; hence no notice or hearing to such persons is necessary. See *Burgess* v. *Mayor & Aldermen of Brockton,* 235 Mass. 95, 100.

The extension of time for filing and presentation for allowance of exceptions and of other motions has been granted by the court under G. L. c. 231, § 113, as matter of practice without notice to the opposing party. See *Barnard Manuf. Co.* v. *Eugen C. Andres Co.* 234 Mass. 148, Rule 54 of the Superior Court (1915), *Whitney* v. *Hunt-Spiller Manuf. Corp.* 218 Mass. 318, *Hathaway* v. *Congregation Ohab Shalom,* 216 Mass. 539, *Gloucester Mutual Fishing Ins. Co.* v. *Hall,* 210 Mass. 332, 335. By an amendment to Rule 52 of the Superior Court (1915) adopted on April 10, 1920, it now is provided that time for filing exceptions shall not be extended for more than seven days without notice to the other party. By necessary implication extension within seven days may be granted without notice. Temporary injunctions are granted *ex parte* although affecting property rights.

The petition in a case like the one at bar must be filed before the expiration of the original period of limitation and at a time when action may be brought. Therefore no question of the attempted revival of a claim already barred is raised. See *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 8. The granting of such a petition has no effect upon the validity of the claim on which the action is brought. That must be determined on its merits unaffected by the extension of time within which to sue. The period within which an action may be brought under the statute against the estate of a deceased person is brief. It well may have been thought by the Legislature in enacting so short

a statute of limitations that some flexibility within the discretion of the Probate Court was necessary in order to avoid instances of injustice.

We are of opinion that no notice was required to the executors in view of the facts here disclosed. This decision is strictly limited to point raised. No intimation is made whether such an extension granted without notice and without knowledge by the personal representative of the deceased would have any effect in case of payment of other debts or distribution of the estate.

The appeal of the executors from the decree extending the time for bringing action was filed on May 26, 1921. It was entered in this court on February 27, 1922. The petitioner urges that the appeal was not entered seasonably and hence is not before us. That contention cannot be sustained. It cannot be said on this bald record as matter of law that the appeal was not seasonably entered. No facts are before us. It cannot be said to have been impossible that there be reasonable excuse for the delay in the entry of the appeal. The petitioner might have moved to dismiss the appeal and then, if the facts had been found, that question might have been presented. *Griffin* v. *Griffin,* 222 Mass. 218. *Littlejohn* v. *Littlejohn,* 236 Mass. 326.

The executors filed a petition for the revocation of the decree whereby the time had been extended for bringing action on the claim of the petitioner. The probate judge declined to hear that petition until the determination of their appeal from that decree, unless they would waive that appeal. In this there was no error of law.

*Decree affirmed.*

*Order for continuance of petition for revocation affirmed.*