METROPOLITAN FINANCE CORPORATION *vs.* MARYLAND
CASUALTY COMPANY.

Suffolk.    May 4, 1944. — September 13, 1944.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Probate Court*, Appeal, Action on bond. *Executor and Administrator*,
Bond.

A surety on an administrator's bond was not aggrieved by nor entitled
to appeal from a decree of the Probate Court authorizing the bringing
of an action on the bond.

PETITION, filed in the Probate Court for the county of
Suffolk on October 14, 1943, for leave to bring an action
on an administrator's bond on which the respondent was
a surety.

The petition was granted by *Wilson*, J., and the respondent
appealed. A motion to dismiss the appeal was filed in this
court.

*F. P. Herring*, for the respondent.

*M. Rosenthal*, for the petitioner.

SPALDING, J. The petitioner was authorized by a decree
of the Probate Court to bring an action on the bond of the
administrator of the estate of Winifred P. Boylan. The
surety on the bond appealed. The petitioner has moved
that the appeal be dismissed, contending that the decree is
not appealable. The motion must be allowed.

With respect to the subject of appeal there is a distinction .
between a decree granting leave to sue on the bond of an
administrator and one denying it. In the case of a refusal
an appeal lies. *Robbins* v. *Hayward*, 16 Mass. 524, 528.
*Jones, appellant*, 8 Pick. 121. *Fay* v. *Rogers*, 2 Gray, 175,
177. *Richardson* v. *Oakman*, 15 Gray, 57. *Putney* v.
*Fletcher*, 140 Mass. 596. Such a decree being in effect
final, the petitioner is aggrieved.

However, where leave to sue on the bond is granted that
action is not appealable. *Jones, appellant*, 8 Pick. 121.

*Fay* v. *Rogers,* 2 Gray, 175.   *Richardson* v. *Oakman,* 15 Gray, 57.   *Bennett* v. *Woodman,* 116 Mass. 518.   *Choate* v. *Jacobs,* 136 Mass. 297, 298.   *Putney* v. *Fletcher,* 140 Mass. 596.   In the *Bennett* case it was said at page 519: "The administratrix has no such interest in the matter of granting leave to bring an action upon her bond, as to give her a right to resist the application therefor, or to be heard upon it. . . . We think it must follow from the same consideration, that, when a suit has been brought upon the bond, the administratrix and her sureties are not entitled to contest the validity of the order of the Probate Court authorizing it." It has been held that no notice need be given to the signers of the bond when leave to sue is applied for. *Richardson* v. *Oakman,* 15 Gray, 57.   *Richardson* v. *Hazelton,* 101 Mass. 108.   *Fuller* v. *Cushman,* 170 Mass. 286, 288.   *Hellier* v. *Loring,* 242 Mass. 251, 253.   A decree authorizing an action on the bond adjudicates nothing except that the petitioner may sue on it.   Such a decree decides nothing with respect to the merits of the case.   *Richardson* v. *Oakman,* 15 Gray, 57.   *Fuller* v. *Cushman,* 170 Mass. 286, 288.   *McIntire* v. *Linehan,* 178 Mass. 263, 267.   The respondent, therefore, is not aggrieved.

Our attention has been directed to two decisions which it is contended support the right of appeal in this case. *Conant* v. *Kendall,* 21 Pick. 36, 40.   *Hill* v. *Arnold,* 199 Mass. 109.   Neither of these decisions decides that question.

Since, for the reasons above stated, the case is not properly here, the appeal should be dismissed.

*So ordered.*